In the Matter of the Application of ALICE CITRON, Petitioner, for an Order of Certiorari to Review the Determination of WILLIAM J. O'SHEA and Others, as Members of the Board of Superintendents of the Board of Education of the City of New York, Respondents.

First Department, March 8, 1935.

*Osmond K. Fraenkel* of counsel [*William L. Huss* with him on the brief; *Goldsmith, Jackson & Brock*, attorneys], for the petitioner.

*Henry J. Shields* of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondents.

UNTERMYER, J. The petitioner was appointed in September, 1931, as a public school teacher to serve a probationary period of

three years. As such she was entitled to " annual increments " in compensation unless, pursuant to section 888 of the Education Law, her " services for the year immediately preceding have been declared by a majority vote of the board of education or board of superintendents of a city, to be unsatisfactory, after opportunity to be heard."

On June 26, 1933, the petitioner received a communication from the board of superintendents as follows: " You are requested to attend a meeting of the Board of Superintendents on Thursday, June 29, 1933, at 11 o'clock A. M. with reference to your conduct at the meeting of the Board of Education held on May 24, 1933."

At the time specified the petitioner appeared before the board of superintendents prepared apparently to meet the accusation concerning her conduct on May 24, 1933. At that hearing the petitioner and other witnesses gave evidence, which it is unnecessary to recapitulate, with respect to her conduct at the meeting of May 24, 1933. It is sufficient for present purposes to say that she was acquitted by the board of superintendents of any impropriety committed at that time. At the hearing of June 29, 1933, the petitioner was, however, interrogated concerning matters of which no suggestion was contained in the notice by which she was summoned before the board of superintendents. These matters related to various absences from duty and also to a newspaper account which had appeared in the *Amsterdam News* of May 3, 1933, concerning a " Parents-Teachers " meeting held on April 27, 1933, at which, it was stated, the petitioner had made comments derogatory to the board of education. Although the petitioner was not informed before the meeting, nor even at the hearing, that such charges were under consideration, her services were found to be unsatisfactory solely by reason thereof and she was deprived of salary increment for the ensuing year.

By the statute the petitioner could only be deprived of salary increment if, " after opportunity to be heard," her services for the preceding year were declared to be unsatisfactory by a majority of the board. Opportunity to be heard is not afforded if the party who is entitled to that opportunity is not informed of the nature of the charge until after it has been sustained. The right to a hearing necessarily presupposes that the party to be heard shall at least at some time before final decision be advised of the accusation which is to be met. Here the petitioner was given notice of one specific charge, which the board found not to be sustained, but was found guilty of other derelictions of duty, of which no notice was given at any time. Questions asked in the course of the hearing on one charge of which formal notice is duly given are not the

equivalent of notice that new charges of an entirely different character will be entertained unless the hearing which is safeguarded by the statute is to be rendered futile and illusory. The very least the petitioner was entitled to was to be informed at the hearing, if not before, that the board intended to consider additional charges, in order that she might refute them by proof or explanation.

It is also suggested that the petitioner cannot maintain this proceeding until after she has exhausted her statutory remedy of appeal to the Commissioner of Education. (Education Law, § 890.) The answer to that suggestion is that if she had appealed to the Commissioner his disposition would have precluded recourse by her to the court. (*Matter of Levitch* v. *Board of Education*, 243 N. Y. 373.) Unless, therefore, it be true that she is not entitled at all to the protection of the courts, she has taken the only course available to secure a judicial review of the proceedings of which she complains. In *Matter of O'Connor* v. *Emerson* (196 App. Div. 807; affd., 232 N. Y. 561), under circumstances very similar, a review by mandamus was allowed, notwithstanding that the petitioner could have invoked the remedy of appeal to the Commissioner of Education.

The order of certiorari should be sustained, the determination of respondents annulled and petitioner's salary increment directed to be paid to her, with fifty dollars costs and disbursements to the petitioner.

MARTIN, P. J., MERRELL, MCAVOY and O'MALLEY, JJ., concur.

Order of certiorari sustained, the determination of the respondents annulled and petitioner's salary increment directed to be paid to her, with fifty dollars costs and disbursements to the petitioner.