Donald S. Taylor, J.
This is a proceeding instituted pursuant to sections 63-g and 169 of the Public Service Law to enjoin the defendant from operating any omnibus line or, as a contract carrier of passengers by motor vehicle, until she shall have received authority so to do in the manner prescribed by the Public Service Law.
It appears that, pursuant to article 10 of the Public Service Law, on her application verified February 15, 1957, the petitioner, by order dated April 2, 1957, granted one Jessie Buxbaum a permit as a contract carrier of passengers by motor vehicle for the transportation of handicapped children between their homes in four of the boroughs of the city of New York and the Federation for the Handicapped in the borough of Manhattan. By order adopted August 27, 1957 the petitioner abrogated its order of April 2, 1957.
Section 167 of the Public Service Law provides, in part, as follows: “Suspension and revocation of permits. Permits shall remain in effect until terminated as herein provided. Any such permit may on the commission’s own initiative, after notice and hearing, be suspended or revoked for failure of the holder thereof to comply with any provision of this chapter, or with any order, rule or regulation of the commission, or with any term, condition or limitation of such permit.” (Emphasis supplied.)
It is neither alleged nor proved that the permit issued to the defendant was abrogated after notice to her and an opportunity *793 afforded her to be heard. The subsequent hearing which the commission conducted on her application to extend, in the words of the hearing examiner, “ the authority which the applicant, now holds ” in no way alerted the defendant that the permit which she then held was in danger of abrogation. Absent such notice she had no opportunity to refute by proof or explanation any bases upon which the commission might act to her detriment. The abrogation of defendant’s subsisting permit in clear violation of the statute’s mandate deprived her of substantial and elemental rights. (Matter of Wignall v. Fletcher, 303 N. Y. 435, 441; Matter of Merritt v. Swope, 267 App. Div. 519, 523; Matter of Citron v. O’Shea, 244 App. Div. 158, 159.) Insofar as the petitioner seeks to restrain the defendant from operating as a contract carrier of passengers by motor vehicle for hire under the permit granted her on April 2, 1957 the petition is dismissed and the temporary injunction to this extent is vacated. The record indicates 12 occasions between April 24, 1957 and July 26, 1957 on which the defendant transported passengers by motor vehicle for compensation between points within the city of New York outside the scope of her permit. To the extent that the petitioner seeks injunctive relief prohibiting such transportation by her, the prayer of the petition is granted.
The defendant’s motion to strike exhibit 2 in evidence is denied, with an appropriate exception.
Submit judgment accordingly.