In the Matter of FRED ABEL et al., Petitioners, *v.* JOHN P. LOMENZO, as Secretary of State of the State of New York, Respondent.

First Department, February 24, 1966.

*George G. Gallantz* of counsel (*Proskauer Rose Goetz & Mendelsohn*, attorneys), for petitioners.

*Roger N. Beilenson* of counsel (*Samuel A. Hirshowitz* and *Shirley Adelson Siegel* with him on the brief; *Louis J. Lefkowitz, Attorney-General*, attorney), for respondent.

*Per Curiam.* Petitioners are licensed real estate brokers. They maintain an office on Hillside Avenue, Queens, and their activities are mostly concerned with the sale and purchase of one and two-family houses in certain residential areas in the southeastern part of that county. The respondent Secretary of State brought a proceeding charging petitioners with a violation of article 12-A of the Real Property Law. The specifications alleged were that petitioners advised prospective purchasers of the racial composition of various neighborhoods in the area — that certain areas were integrated and others were fringe areas. After a hearing, respondent found that petitioners engaged in a practice of selling homes in integrated areas to Negroes only and sought to discourage white clients from buying in the areas. It was concluded that this circumvented section 175.17 of the Regulations promulgated by the Department of State (19 NYCRR 175.17) to regulate the activities of real estate brokers, and this established untrustworthiness. Petitioners' licenses were suspended for a period of six months.

We do not believe that the evidence adduced supports respondent's conclusions. Section 175.17 is the so-called block-busting rule. It seeks to prohibit the practice of soliciting sales of residential property on grounds of the loss of value of the properties due to a prospective or present entry into the neighborhood of homeowners of a different race or origin. Its object is to prevent the cheating of a property owner by inducing him to sell his property because it will probably become less desirable or valuable because of a prospective change in the racial composition of the neighborhood. The proof fails to show any activity that could reasonably be so interpreted or any conduct that was designed to accomplish the result which the rule sought to avoid.

Furthermore, what was alleged and proved — that petitioners did advise prospective purchasers as to the racial composition of

different sections — is not, in and of itself, a violation of this or of any other rule. Nor does it, per se, demonstrate untrustworthiness. One of the purposes of employing a broker is to obtain information as to the area in which one proposes to live. And as long as the information given is accurate and neither in content nor purpose seeks to encourage racial bias as regards housing, it is unexceptionable.

A reading of the record gives hints that indicate that petitioners were engaged, possibly in conjunction with other brokers, to effect a change in the composition of certain areas, making certain of them all white and others all Negro. But for several reasons the conduct in this case could not be the basis of suspension. In the first place, it was not embraced in the charges (*Matter of Hecht* v. *Monaghan,* 307 N. Y. 461; *Matter of Weiner* v. *Bd. of Regents,* 3 A D 2d 113; *Matter of Citron* v. *O'Shea,* 244 App. Div. 158). Secondly, it was not proved satisfactorily but only advanced conjecturally, to be deduced from equivocal conduct. And lastly, assuming that such conduct was subject to discipline, respondent has promulgated no rule on the subject. This last might not preclude that such activity demonstrated untrustworthiness, but in view of respondent's practice of defining that term, where practicable, by the promulgation of rules interdicting certain practices, the presence of a rule would facilitate regulation and make for greater certainty of disposition.

The determination of the Secretary of State should be reversed and the suspension annulled on the law, with costs and disbursements to the appellants.

BREITEL, J. P., McNALLY, STEVENS, EAGER and STEUER, JJ., concur.

Determination unanimously annulled, on the law, with $50 costs and disbursements to the petitioners.