■ In the Matter of JOHN P. HANNON, Petitioner, v MARIO CUOMO, as Secretary of State of the State of New York, Respondent. (Proceeding No. 1.)—Determination unanimously modified and, as modified, confirmed, without costs, in accordance with the following memorandum: Respondent found petitioner guilty of untrustworthiness and incompetency because he submitted a purchase offer to his client, the seller, with actual knowledge that the signature on it was not that of the prospective buyer and because he accepted a down payment of $4,000 from the buyer when the purchase offer required a down payment of $5,000. We find no substantial evidence to support the charge that he submitted a forged purchase offer, and we grant the petition to the extent of striking that finding and therefore reduce the punishment imposed from suspension for three months to censure. The determination is confirmed in all other respects. (Article 78 proceeding transferred by order of Erie Supreme Court.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.

■ In the Matter of JOHN P. HANNON, Petitioner, v MARIO CUOMO, as Secretary of State of the State of New York, Respondent. (Proceeding No. 2.)—Determination confirmed, without costs, and petition dismissed. All concur, except Doerr, J., who dissents and votes to grant the petition, in the following memorandum.

Doerr, J. (dissenting). I do not believe that the evidence presented supports

respondent's determination that petitioner was guilty of untrustworthiness and therefore dissent. While cognizant of the limitations placed upon our court in article 78 proceedings, the determination by respondent must be supported by substantial evidence as required by CPLR 7803 (subd 4) and, as stated in *Matter of Pell v Board of Educ.* (34 NY2d 222, 231) "Rationality is what is reviewed under both the substantial evidence rule and the arbitrary and capricious standard. *(Matter of 125 Bar Corp. v State Liq. Auth.,* 24 N Y 2d 174, 178; 1 N. Y. Jur, Administrative Law, § 184.)" Inference and assumption form much of the basis upon which respondent relies. Arbitrary is an apt description of conclusions which by and large are at variance with findings. "A mere scintilla of evidence sufficient to justify a suspicion is not sufficient to support a finding upon which legal rights and obligations are based." *(Matter of Stork Rest. v Boland,* 282 NY 256, 273-274.) In a disciplinary proceeding petitioner is entitled to all the essential elements of a fair trial *(Matter of Heckt v City of Lackawanna,* 44 AD2d 763). This includes the production of evidence sufficient to support a finding of guilt. Conduct, not proved satisfactorily but only advanced conjecturally, to be deduced from equivocal conduct cannot form the basis for a suspension *(Matter of Abel v Lomenzo,* 25 AD2d 104, affd 18 NY2d 619). Further, conduct which forms the basis for a finding of untrustworthiness and suspension must be embraced in the charges *(Matter of Abel v Lomenzo, supra).* Petitioner was entitled to know in advance of the hearing the charges to which he was required to respond. *(Grimm v Department of State,* 56 AD2d 591.) The findings of the hearing officer upon which he based his conclusion of untrustworthiness against John Hannon were not incorporated in the charges against petitioner. For these reasons I vote that the determination of the Secretary of State be vacated and the suspension annulled, on the law. (Article 78 proceeding transferred by order of Erie Supreme Court.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.