■ In the Matter of LAWRENCE BIGANDO, Petitioner, v DONALD E. QUICK, as President of the Board of Fire Commissioners of the City of Kingston, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Ulster County) to review a determination of the Board of Fire Commissioners of the City of Kingston Fire Department which found petitioner guilty of a violation of that department's rules and imposed a penalty. On October 28, 1982, a hearing was held before the Board of Fire Commissioners of the City of Kingston Fire Department to determine petitioner's alleged violation of rule 5 of article XI of the rules and regulations of that department. That rule provides that, "Volunteer Companies shall be subject to the Permanent Officer in charge of the Department". On October 6, 1982, petitioner was at the central fire station in Kingston in his capacity as a volunteer fireman following a call to which he and other volunteers had responded. At about 10:30 P.M., Lieutenant Robert Sills of the Kingston Paid Fire Department, the officer in charge who testified at the hearing that this fact was made known to petitioner, ordered petitioner to help other volunteers wash hose. This officer testified that petitioner refused this direct order twice and that petitioner denied being ill in response to the officer's inquiry as to whether petitioner was sick. Petitioner's refusal as a violation of rule 5 of article XI was the basis for the disciplinary hearing held pursuant to section 209-*l* of the General Municipal Law. Petitioner claims that the provisions of that section were violated because the hearing held was not open to the public and that there was no proof that Lieutenant Sills was the officer in charge or that petitioner knew or was informed that Lieutenant Sills was the officer in charge. Petitioner further claims that the penalty of suspension for six months and probation for an additional six months with a requirement that he attend six training sessions is unduly harsh. Petitioner was notified by letter dated October 8, 1982 that the hearing would be held at the board of fire commissioners' office at central fire headquarters, 19 East O'Reilly Street on October 14, 1982 at 8:30 P.M. Petitioner wrote on October 11, 1982 requesting notice of charges, the article and rule he was accused of violating and a rescheduling of the hearing. By letter dated October 15, 1982, he was notified that the hearing would be held on October 28, 1982 at 7:30 P.M. at the office of the board of fire commissioners and that he was alleged to have violated rule 5 of article XI of the rules and regulations of the City of Kingston Fire Department. The hearing was held at that time and place. Petitioner was represented by counsel who cross-examined witnesses. Petitioner was allowed to produce witnesses on his own behalf. He complains that the hearing was not public. It appears, however, that only witnesses were excluded until it was their turn to testify.

No transcript was kept, but that is not a statutory requirement when the hearing is held by the board of fire commissioners. There was general statutory compliance with the procedures mandated by section 209-*l* of the General Municipal Law and the determination made was supported by substantial evidence. Furthermore, in view of petitioner's act of disobedience, it cannot be said that the penalty imposed was unduly harsh. The determination should, therefore, be confirmed. Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.