■ EDWARD C. MONTROIS, Petitioner, v CITY OF WATERTOWN et al., Respondents.—Determination unanimously annulled, on the law, without costs, and matter remitted to respondents for a new hearing, in accordance with the following memorandum: Petitioner was terminated from employment in the Watertown Fire Department and his disability benefits were discontinued because he was found guilty of misconduct for refusing to perform light duties *(see,* General Municipal Law § 207-a). Although respondents were not required to provide petitioner with a bill of particulars, petitioner was entitled to sufficient notice of the charges against him to enable him to adequately prepare a defense *(see, Matter of Fitzgerald v Libous,* 44 NY2d 660). Here the charges against petitioner were made only in the most general terms and respondents did not specify which, if any, directives or established procedures petitioner allegedly violated. It is well established that "no person may lose substantial rights because of wrongdoing shown by the evidence, but not charged" *(Matter of Murray v Murphy,* 24 NY2d 150, 157). Since the misconduct for which petitioner was terminated was not specified in the charges against him, the determination must be annulled *(see, Matter of Shapiro v Board of Regents,* 16 NY2d 783; *Matter of Soucy v Board of Educ.,* 41 AD2d 984, *appeal dismissed* 33 NY2d 653; *Matter of Abel v Lomenzo,* 25 AD2d 104, 106, *affd* 18 NY2d 619). We remit this matter to respondents for the purpose of holding a new hearing based on specific charges of misconduct. (Article 78 proceeding transferred by order of Supreme Court, Jefferson County, Grow, J.)

Present—Callahan, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.