■ In the Matter of Mark Bahouth, Petitioner, v Thomas J. Sardino, as Chief of Police of the City of Syracuse, Respondent.—Determination unanimously confirmed and petition dismissed, without costs. Memorandum: Following a hearing, petitioner, a taxicab driver, was found guilty of 16 violations of the City of Syracuse Ground Transportation Ordinance. Respondent suspended petitioner's license for 90 days and fined him $100. Petitioner commenced this CPLR article 78 proceeding alleging that the Corporation Counsel's refusal to grant his demands for prehearing discovery, coupled with an allegedly vague notice of the charges against him, inhibited his defense and denied him a full and fair hearing as required by *Matter of Hecht v Monaghan* (307 NY 461).

Initially, we note that since the issues petitioner raises are questions of law, not substantial evidence, this matter should not have been transferred to this court in the first instance (CPLR 7804 [g]). Since the record before us is sufficient to dispose of the issues raised we will then decide them as if the

matter had been presented properly *(Matter of Consumer Protection Bd. v Public Serv. Commn.,* 85 AD2d 321, 323, *appeal dismissed* 57 NY2d 673; *Matter of Shook v Lavine,* 49 AD2d 238, 239-240).

The notice of the charges against petitioner specified each act of misconduct, the date and place where it occurred, and the particular section of the ordinance petitioner allegedly violated. Thus, the notice was reasonably calculated to apprise petitioner of the charges against him so as to enable him to adequately prepare and present a defense *(Matter of Fitzgerald v Libous,* 44 NY2d 660, 661; *Moise v Christian,* 97 AD2d 536, 537; *Matter of Bateman v City of Ogdensburg,* 55 AD2d 781; *Orchard Park Cent. School Dist. v Orchard Park Teachers Assn.,* 50 AD2d 462, 469, *appeal dismissed* 38 NY2d 911; *cf. Montrois v City of Watertown,* 115 AD2d 298). Petitioner's reliance upon *Matter of Hecht v Monaghan (supra)* is misplaced. The issue there was whether a license could be revoked based upon evidence belatedly presented at the close of an administrative hearing when the petitioner had no advance notice that the evidence would be considered. That is not the case here since the findings of petitioner's misconduct were confined to the specific charges of which petitioner was adequately notified.

The penalty imposed was considerably less than the maximum provided in the ordinance and under the circumstances was not disproportionate to the misconduct found by the Hearing Officer and affirmed by the respondent. (Article 78 proceeding transferred by order of Supreme Court, Onondaga County, Shaheen, J.) Present—Callahan, J. P., Boomer, Green, Balio and Lawton, JJ.