■ In the Matter of LAWRENCE BIGANDO, SR., Petitioner, v JOHN P. HEITZMAN et al., Individually and as Members of the Board of Fire Commissioners of the City of Kingston, Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondents which found petitioner guilty of misconduct and dismissed him from the City of Kingston Fire Department.

Petitioner is a volunteer member of the City of Kingston

Fire Department in Ulster County and president of the Kingston Volunteer Firefighters Association of Kingston, New York, Inc. (hereinafter KVFA). At a special meeting in December 1990, KVFA's members agreed to various activities to protest what they understood to be a plan by respondents to close two volunteer fire stations. As part of these planned protest activities, petitioner, as KVFA's president, wrote letters dated December 24, 1990 to surrounding fire departments in the area, apparently requesting that they not fully participate in sending mutual aid to the City (except for a major incident) until the dispute over the closings was resolved.

As a result of these letters, respondents charged petitioner pursuant to General Municipal Law § 209-*l* with three charges of misconduct. Petitioner denied the charges and a hearing was held. Respondents found that petitioner knowingly, willfully and deliberately engaged in the charged misconduct and terminated his membership in the Fire Department. Petitioner then commenced this CPLR article 78 proceeding to challenge respondents' determination. Following joinder of issue, Supreme Court transferred the proceeding to this Court.*

Initially, petitioner argues that the notice of discipline provided by respondents did not contain sufficient information to apprise him of the charges against him and failed to allege acts of misconduct which petitioner allegedly committed as a volunteer firefighter. It is undisputed that volunteer firefighters are considered public employees and must be afforded due process in disciplinary proceedings, which includes the right to a hearing held "upon due notice and upon stated charges" (General Municipal Law § 209-*l*). "In order to satisfy due process, a notice of charges must reasonably apprise the accused of the claim being made so that an adequate defense may be mounted" *(Matter of Benson v Board of Educ.,* 183 AD2d 996, 997, *lv denied* 80 NY2d 756 [citations omitted]). Significantly, where the charges against an individual are made only in the most general terms and no specific directive or established procedure is mentioned, the disciplinary action must be annulled *(Montrois v City of Watertown,* 115 AD2d 298, *appeal dismissed* 67 NY2d 757).

Here, our review of the disciplinary charges advanced by

* We note that Supreme Court failed to pass on all nonsubstantial evidence issues which could terminate this proceeding prior to transfer as required by CPLR 7804 (g) (as amended by L 1990, ch 575). Nevertheless, in this instance we choose to retain jurisdiction in the interest of judicial economy *(see, Matter of Bonded Concrete v Town Bd.,* 176 AD2d 1137, 1138).

respondents confirms petitioner's allegations of deficiency. Although it is true that the charges do specify the specific actions by petitioner that apparently constitute the alleged misconduct, no specific rule or regulation prohibiting petitioner's actions has been cited or provided. Indeed, charge II specifically alleges that Fire Department rules and regulations were violated but fails to specify which rules and regulations. Because the letter dated December 24, 1990 could be given various interpretations, the specific charges and the rules and regulations underlying them were crucial for the preparation of an adequate defense. Notably, petitioner actually sought the specific rules and regulations which he was alleged to have violated but was apparently not provided with them and they do not appear in the record. Consequently, we find that the determination must be annulled and the matter remitted to respondents for the purpose of holding a new hearing based on specific charges of misconduct (see, Montrois v City of Watertown, supra).

Our decision in this matter renders petitioner's remaining arguments either academic or premature.

Mikoll, J. P., Yesawich Jr., Crew III and Mahoney, JJ., concur. Adjudged that the determination is annulled, with costs, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.