■ The People of the State of New York, Respondent, v Joseph J. Contrera, Appellant. [606 NYS2d 1016] —Judgment unanimously affirmed. Memorandum: The transcript of the plea minutes contradicts defendant's assertion that the court promised defendant a lesser sentence. Defendant's concurrent sentences for defendant's multiple crimes against young children were not harsh or excessive. (Appeal from Judgment of Cayuga County Court, Corning, J.—Sexual Abuse, 1st Degree.) Present—Callahan, J. P., Green, Fallon, Boomer and Davis, JJ.

■ In the Matter of Timothy M. Wesley, Appellant, v Board of Fire Commissioners of Ridge-Culver Fire District, Respondent. [604 NYS2d 456] —Judgment unanimously reversed on the law without costs, petition reinstated and matter remitted to respondent for further proceedings in accordance with the following Memorandum: After a hearing, petitioner was removed from his membership in the Culver-Ridge Fire District for misconduct (see, General Municipal Law § 209-i). Petitioner commenced a CPLR article 78 proceeding challenging respondent's determination. Supreme Court dismissed the petition. We reverse.

Petitioner was entitled to sufficient notice of the charges against him and of the rules, policies or procedures that he allegedly violated (see, Montrois v City of Watertown, 115 AD2d 298, appeal dismissed 67 NY2d 757; see also, General Municipal Law § 209-i; Matter of Block v Ambach, 73 NY2d 323). The charges against petitioner were asserted only in general terms and respondent failed to identify the department rules, policies or procedures that petitioner allegedly violated. Furthermore, respondent made no findings to support its determination. Therefore, we reinstate the petition and remit the matter to respondent for the purpose of conducting a new hearing grounded on specific charges of misconduct. (Appeal from Judgment of Supreme Court, Monroe County, Siracuse, J.—Article 78.) Present—Callahan, J. P., Green, Fallon, Boomer and Davis, JJ.