■ In the Matter of Terrence Ritz et al., Petitioners, v Board of Fire Commissioners, Selkirk Fire District, et al., Respondents. [622 NYS2d 830] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Board of Fire Commissioners, Selkirk Fire District which, *inter alia,* expelled petitioners from membership in the Selkirk Fire District.

Petitioners, Terrence Ritz and John Clark, were active volunteer firefighters and members of the Selkirk Fire District, and held the positions of Chief and Assistant Chief,

respectively, of Selkirk Fire Company No. 1. In December 1992, they were charged with having improperly conducted a live burn training exercise, in violation of District policy, and were suspended pending a hearing before respondent Board of Fire Commissioners (hereinafter respondent). Following the hearing, respondent sustained the charges and expelled petitioners. This CPLR article 78 proceeding ensued.

We agree with petitioners that the charges lodged against them do not specify the rule, regulation, by-law or policy that they allegedly breached, and with their contention that, given the circumstances, this omission deprived them of due process (see, Matter of Bigando v Heitzman, 187 AD2d 917, 919; see also, Matter of Wesley v Board of Fire Commrs., 198 AD2d 908; compare, Matter of Bahouth v Sardino, 125 AD2d 990, 991). While the charges narrate the activities engaged in by petitioners that were assertedly improper, they do not identify any particular precept that was violated, and this deficiency was not remedied by the statements made by respondent's attorney at the outset of the hearing. Initially, he noted that the hearing was being held pursuant to a provision of the District's by-laws that permitted expulsion of members who had violated the by-laws; however, not only had petitioners not been charged with having violated any particular by-law, but there are none that address the conduct for which petitioners were disciplined. And then, when asked a few minutes later whether petitioners were charged with misconduct, the attorney replied only that "the charges speak for themselves". This unenlightening response left petitioners in no better position to mount an adequate defense, as they had a right to do (see, Matter of Bigando v Heitzman, supra, at 918; Montrois v City of Watertown, 115 AD2d 298, appeal dismissed 67 NY2d 757).

Moreover, the record demonstrates that there was no rule, regulation or written policy prohibiting live burn exercises, and while some members of the District testified that they had been informed orally, or simply "understood", that the District "has a policy" of not engaging in such exercises, a number of District firefighters testified that they were unaware of any such prohibition. Indeed, even if an oral policy existed, it is apparent that it had not been effectively communicated to the membership, and hence cannot serve as a predicate for discipline. Consequently, although a finding of insufficient particularization of charges usually requires that the matter be remitted for a new hearing (see, e.g., Matter of

*Bigando v Heitzman, supra,* at 919), no purpose would be served in this instance by doing so.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Adjudged that the determination is annulled, with costs, petition granted, charges dismissed and petitioners are reinstated to their positions in the Selkirk Fire Department.