■ In the Matter of GODOFREDO R. DE ZARATE, Appellant, v ARTHUR THOMPSON et al., Respondents. [624 NYS2d 281] —In a proceeding pursuant to CPLR article 78 to, *inter alia,* review a determination of the Mayor of the Incorporated Village of Freeport, dated April 9, 1993, terminating the petitioner's employment as the Superintendent of Buildings for the Incorporated Village of Freeport, the appeal is from a judgment of the Supreme Court, Nassau County (Winick, J.), entered August 2, 1993, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In December 1981 the petitioner was first appointed to a six-month probationary term as the Superintendent of Buildings of the Incorporated Village of Freeport (hereinafter the Village). He was reappointed to a one-year term ending in April 1983 and for a subsequent period of one year ending in April 1984. Although the petitioner was never officially reappointed to the position, he continued to serve in the position until April 1993 when he was terminated from the position by the respondent Mayor Arthur Thompson (hereinafter the Mayor).

The petitioner commenced this CPLR article 78 proceeding to review the determination terminating his employment and to compel the respondents to restore him to his position on the ground that he was not terminated for cause after a hearing on notice, in violation of the protection provided by Civil Service Law § 75 (1) (b) to honorably discharged veterans and exempt volunteer firefighters such as himself.

We disagree and therefore affirm the judgment.

Civil Service Law § 75 (1) (b) provides certain procedural protections to permanent employees, or permanent appointees, who are also honorably discharged veterans and/or exempt volunteer firefighters. The statute provides these protections to all individuals employed in classified civil service positions who fit within its definitions *(see,* Civil Service Law § 75 [1] [b]).

The parties agree that the position of Superintendent of Buildings of the Incorporated Village of Freeport is properly classified as an exempt title of the New York State classified civil service *(see,* Civil Service Law § 40). Moreover, the peti-

tioner has admitted that persons in such positions normally serve at the pleasure of the appointing authority, in this instance the Mayor, unless otherwise entitled to protection under the Civil Service Law. Thus, the Mayor was empowered to terminate the petitioner's employment at will, absent a showing that he was a permanent employee entitled to the protections of Civil Service Law § 75 (1) (b).

Once the respondents came forward with prima facie evidence establishing their entitlement to judgment as a matter of law dismissing the proceeding, the burden shifted to the petitioner to demonstrate the existence of a triable issue of fact as to whether he was a permanent appointee, entitled to the protection of Civil Service Law § 75 (1) (b). This he has failed to do. Accordingly, the Supreme Court properly granted the respondents' motion for summary judgment dismissing the proceeding (see, Alvarez v Prospect Hosp., 68 NY2d 320; Zuckerman v City of New York, 49 NY2d 557).

The petitioner's remaining contentions are academic in light of this determination. Lawrence, J. P., Santucci, Friedmann and Florio, JJ., concur.