■ In the Matter of RAYMOND F. CRAWFORD, Petitioner, v JONESVILLE BOARD OF FIRE COMMISSIONERS et al., Respondents. [645 NYS2d 586] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Saratoga County) to review a determination of respondents which found petitioner guilty of misconduct and suspended him from his employment for one year.

After a hearing, petitioner, a volunteer firefighter in the Jonesville Fire District, was found guilty of misconduct based upon his refusal to participate in sexual harassment training provided by the District. Petitioner concedes that he refused to participate in the training, but contends that the notice of charges served on him was inadequate and that respondent Jonesville Board of Fire Commissioners (hereinafter respondent) never adopted a rule which required that all firefighters participate in the training. We reject both arguments.

It is undisputed that volunteer firefighters are entitled to due process in disciplinary proceedings and, therefore, the notice of charges must reasonably apprise the accused of the alleged misconduct so that an adequate defense can be prepared and presented (*see, Matter of Bigando v Heitzman*, 187 AD2d 917, 918). The notice to petitioner in this case stated, *inter alia*: "You are charged with misconduct by reason of your refusal to abide by rules and regulations of the District requiring all members * * * to complete sexual harassment training in accordance with the * * * District Sexual Harassment Policy adopted by the * * * District by resolution dated April 12, 1994."

In contrast to the case of *Matter of Bigando v Heitzman* (*supra*), upon which petitioner relies, the notice in this case contains a single unambiguous charge which cites to a specific requirement of a District rule or regulation. We conclude that the notice was reasonably calculated to apprise petitioner of the charges against him so as to enable him to adequately prepare and present a defense (*see, e.g., Matter of Bahouth v Sardino*, 125 AD2d 990, 991).

Unable to deny that he had refused to participate in the sexual harassment training provided by the District, petitioner mounted the only real defense available to him, which is that the District never adopted a rule or regulation mandating the training for all District members. As petitioner points out, the sexual harassment policy formally adopted by the District in April 1994 contains no express training requirement. The minutes of respondent's April 1994 meeting at which the policy was adopted indicate that an inquiry was to be made regarding the use of a local consultant to provide sexual harassment training for the District. In July 1994, respondent adopted a resolution which authorized the District to contract with the consultant. Although the resolution itself contained no statement regarding the mandatory nature of the training, the minutes of respondent's meeting at which the resolution was adopted states: "All firefighters/employees will be required to have this training on sexual harassment. Any firefighter having received such training at his/her workplace may be excused from the drill upon submission of documentation from his/her place of employment."

Subsequent editions of the District's newsletter sent to each member included a notice concerning mandatory sexual harassment training. A November 1994 letter from the District concerning the training and its mandatory nature was sent to each member. In February 1995, respondent formally adopted a resolution which "establish[ed] July 1, 1995 as the deadline to complete the required sexual harassment training". Subsequent editions of the District's newsletter included a notice concerning the July 1, 1995 deadline to complete "the required training on sexual harassment".

At the hearing, petitioner conceded that he was aware of both the sexual harassment training provided by the District and the District's position that the training was mandatory for all firefighters. Petitioner also conceded that he was aware that he could satisfy the requirement by submitting documentation of the sexual harassment training he had received at his work place, but that he elected not to do so. He maintained that he was never made aware of respondents' formal adoption of a specific rule or regulation which mandated the training.

We are of the view that petitioner's argument is one of form over substance. The record provides a rational basis for respondent's determination that mandatory sexual harassment training had been established by District rule or regulation and that petitioner knowingly violated the requirement (*compare, Matter of Ehmann v Whalen*, 118 AD2d 1023, *appeal*

*dismissed* 68 NY2d 663, *lv denied* 68 NY2d 607, *with Matter of Ritz v Board of Fire Commrs.*, 212 AD2d 949). As to petitioner's final argument, the penalty of a one-year suspension was not so disproportionate to the offense as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222).

White, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.