■ In the Matter of RICHARD GREENE, Appellant, v MEDFORD FIRE DEPARTMENT, INC., et al., Respondents. [775 NYS2d 538]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Medford Fire Department, Inc., dated August 3, 2002, which, after a hearing, dismissed the petitioner from its membership, the appeal is from a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated May 7, 2003, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the matter is remitted to the Medford Fire Department, Inc., for further proceedings consistent herewith.

The petitioner, a volunteer firefighter, was dismissed from membership with the Medford Fire Department, Inc., by a vote of two thirds of the members, following a disciplinary hearing. The petitioner commenced this proceeding to review the determination on the ground, inter alia, that he was denied due process at the hearing.

A volunteer firefighter must be afforded due process in disciplinary proceedings. "In order to satisfy due process, a notice of charges must reasonably apprise the accused of the claim being made so that an adequate defense may be mounted . . . Significantly, where the charges against an individual are made only in the most general terms and no specific directive or established procedure is mentioned, the disciplinary action must be annulled" (*Matter of Bigando v Heitzman,* 187 AD2d 917, 918 [1992] [internal quotation marks omitted]; *see Garrett v North Babylon Volunteer Fire Co.,* 78 AD2d 897 [1980]).

Here, the notice provided to the petitioner prior to the hearing merely advised him in general terms that he was charged with conduct unbecoming a member of the Department, neglecting to carry out orders of a superior officer, and failing to comply with the bylaws and rules of the Department. Neither the specific actions underlying these charges nor the specific bylaws or rules allegedly violated were set forth in the notice.

Under the circumstances, we agree with the petitioner that the notice was inadequate to permit him to mount a defense (*see Matter of Ritz v Board of Fire Commrs., Selkirk Fire Dist.,*

212 AD2d 949 [1995]; *Matter of Wesley v Board of Fire Commrs. of Ridge-Culver Fire Dist.,* 198 AD2d 908 [1993]). Accordingly, we annul the determination and remit the matter to the Department to set forth proper notice of charges and for a new hearing and determination (*see Matter of Bigando v Heitzman, supra; Garrett v North Babylon Volunteer Fire Co., supra; see also Matter of Ritz v Board of Fire Commrs., supra*). In view of our determination, we do not reach the parties' remaining contentions. H. Miller, J.P., Luciano, Schmidt and Townes, JJ., concur.