■ In the Matter of DEBRA L. LAMB, Appellant, v TOWN OF ESOPUS, Respondent. [827 NYS2d 307]—

Kane, J. Appeal from a judgment of the Supreme Court (McCarthy, J.), entered August 25, 2005 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to reinstate petitioner to her former position as a building department aide.

Beginning in 2001, petitioner was employed by respondent as a building department aide. In January 2005, at its organizational meeting, respondent's Town Board adopted a resolution on appointment which created two part-time positions to replace petitioner's full-time position. Respondent contends that restructuring of its building department, to keep down costs and increase efficiency, required elimination of petitioner's full-time position. Petitioner commenced this proceeding seeking reinstatement to her former position, as well as back pay and benefits. Supreme Court dismissed the petition. On petitioner's appeal, we affirm.

Once respondent came forward with prima facie evidence that petitioner was not entitled to Civil Service Law protection, the burden shifted to petitioner to raise a triable issue of fact regarding her entitlement to such protection (*see Matter of de Zarate v Thompson,* 213 AD2d 713, 714 [1995]). Although petitioner was employed by respondent for a number of years and passed a civil service examination qualifying her for numerous clerical positions, she failed to present proof that she was employed in a noncompetitive class position for five continuous years (*see* Civil Service Law § 75 [1] [c]).

Even if petitioner did work in a protected position, respondent could eliminate her position for purposes of economy or efficiency (*see* Civil Service Law § 75 [1]; *Matter of Mucci v City of Binghamton*, 245 AD2d 678, 679 [1997], *appeal dismissed* 91 NY2d 921 [1998], *lv denied* 92 NY2d 802 [1998]). Petitioner bore the burden of establishing that the elimination of her position was motivated by bad faith or was a subterfuge, which can be accomplished by eliminating respondent's bona fide reasons (*see Matter of Belvey v Tioga County Legislature*, 257 AD2d 967, 968-969 [1999]; *Matter of Mucci v City of Binghamton, supra* at 679). While petitioner contends that respondent failed to prove a cost savings through its reorganization of the building department and elimination of her full-time position, respondent showed that the reorganization increased efficiency. The reorganization permitted respondent to hire a full-time building inspector by transferring the benefits previously provided to petitioner's position. Hiring several part-time workers also allowed the department to be open an additional 16 hours per week and not close during the lunch hour, thus increasing public access to the office. Petitioner failed to meet her burden of overcoming respondent's bona fide reasons for eliminating her position.

Petitioner failed to allege facts establishing that the elimination of her position violated the doctrine of legislative equivalency. Under that doctrine, "a position created by a legislative act can only be abolished by a correlative legislative act" (*Matter of Torre v County of Nassau*, 86 NY2d 421, 426 [1995]; *see Matter of Gallagher v Regan*, 42 NY2d 230, 234 [1977]; *Matter of Heron v City of Binghamton*, 307 AD2d 524, 525 [2003], *lv denied* 100 NY2d 515 [2003]). According to the only proof on this record, it appears that petitioner's position was created in January 2001 by a resolution on appointment of officers and employees, and the same full-time position was eliminated when respondent enacted its resolution on appointment of officers and employees in January 2005. As the position was created and abolished by the same means, respondent acted in accord with the principle of legislative equivalency (*see Matter of Heron v City of Binghamton, supra* at 526; *Matter of Terrible v County of Rockland*, 81 AD2d 837, 837 [1981]).

We have reviewed petitioner's remaining arguments and find them without merit.

Carpinello, J.P., Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.