■ In the Matter of Howard A. Shafer, Petitioner, v Board of Fire Commissioners, Selkirk Fire District, Respondent.
[967 NYS2d 491]—

Stein, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent, which, among other things, expelled petitioner from membership in the Selkirk Fire Department.

Petitioner has been a member of the Selkirk Fire Department, located in the Town of Bethlehem, Albany County, since 2001 and became the treasurer of Company No. 1 in January 2011. In June 2011, respondent issued a notice of charges against petitioner alleging that he had engaged in misconduct, including violations of the Fire Department's bylaws and code of conduct.* After a hearing (*see* General Municipal Law § 209-l [3]), the Hearing Officer recommended that petitioner be

---

* The notice of charges alleged that petitioner violated article XIII (1) of the bylaws, which states that "[n]o member shall refuse to obey any reasonable command of an officer." As for the code of conduct, the charges alleged, among other things, that petitioner had failed to conduct himself in a professional manner while participating in Fire Department activities and engaged in prohibited conduct such as refusing to obey a "reasonable command of a

expelled from membership in the Fire Department and as treasurer of Company No. 1. Upon review, respondent adopted the Hearing Officer's findings of fact and conclusions of law and expelled petitioner from the Fire Department and as treasurer. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the determination which, upon transfer to this Court, we now confirm.

Respondent's determination that petitioner was guilty of misconduct is supported by substantial evidence (*see Matter of Thygesen v North Bailey Volunteer Fire Co., Inc.*, 100 AD3d 1416, 1417 [2012]; *Matter of Mason v Board of Fire Commrs. of Jericho Fire Dist.*, 73 AD3d 928, 928-929 [2010]; compare *Matter of Rauschmeier v Village of Johnson City*, 91 AD3d 1080, 1081 [2012], *lv denied* 19 NY3d 802 [2012]). The Hearing Officer described petitioner's conduct as "persistently, repeatedly, intentionally, willfully, and incorrigibly insubordinate." His determination was based upon, among other things, the testimony of Josh Therrien, the chief of Company No. 1, that petitioner had repeatedly violated direct orders from his superiors and had been the subject of a counseling memo regarding his conduct, which was provided to petitioner at a meeting in April 2011. The counseling memo documented petitioner's history of insubordination and other disruptive and harassing conduct, including petitioner's refusal to obey warnings by Therrien and the president of Company No. 1 and sending "unprofessional" emails to various members of the Fire Department. The memo warned petitioner that, if his misconduct continued, respondent would be requested to expel him from the Fire District. According to Therrien, petitioner's conduct did, in fact, continue thereafter.

The record contains a series of emails between petitioner and Therrien in early June 2011. In the first such email, petitioner advised Therrien that he was in need of surgery as a result of an injury that he allegedly sustained when he slipped and fell at the Fire Department. In response, Therrien notified petitioner that he was being placed on the Fire Department's inactive roster and directed petitioner to turn over all of the treasurer documents and account books, as well as any property that belonged to Company No. 1. Petitioner thereafter persisted in sending disrespectful and insubordinate emails, and it was only after Therrien directed petitioner to return the treasurer documents and other Fire Department property on six separate occasions that petitioner partially complied by turning over the

superior officer" and by using language to "harass, annoy, abuse, ridicule, threaten or personally attack another member of the Fire Department."

treasurer documents. In fact, certain items of property belonging to Company No. 1 remained in petitioner's possession at the time of the hearing. In light of the foregoing, respondent was justified in finding that petitioner had engaged in misconduct (*see* General Municipal Law § 209-l).

Nor do we discern any basis to disturb the penalty of expulsion imposed by respondent. Petitioner had been counseled about his disrespectful and insubordinate behavior and warned about the consequences he would face if such behavior continued. Despite this counseling, petitioner continued to exchange inappropriate emails with Therrien and refused to comply with Therrien's repeated directions to return the company's property. This conduct was representative of petitioner's history of insubordinate behavior. Notably, petitioner minimized the significance of such behavior and failed to show any remorse therefor or indication that his behavior would change, and his hearing testimony reflected his inability to accept Therrien's supervision and authority over him. While some of petitioner's acts of misconduct might not, individually, warrant expulsion from the Fire Department, considering his conduct as a whole, we do not find the penalty of expulsion to be so disproportionate to the disciplinary charges as to be shocking to our sense of fairness (*see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]; *Matter of Szczepaniak v City of Rochester*, 101 AD3d 1620, 1621 [2012]; *Matter of Kurot v East Rockaway Fire Dept.*, 61 AD3d 760, 761 [2009]; *Matter of Crawford v Jonesville Bd. of Fire Commrs.*, 229 AD2d 773, 774-775 [1996]).

Petitioner's remaining contentions have been reviewed and found to be lacking in merit.

Spain, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.