■ In the Matter of ROBERT W. MCEVOY, Respondent, v OYSTER BAY FIRE COMPANY No. 1 et al., Appellants. [986 NYS2d 187]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Chief Officers of Oyster Bay Fire Company No. 1 dated September 28, 2011, which, without a hearing, and upon finding that the petitioner violated the bylaws of Oyster Bay Fire Company No. 1, suspended him from active duty as a volunteer firefighter with Oyster Bay Fire Company No. 1 for a period of one year, and a determination of the Disciplinary Review Board of Oyster Bay Fire Company No. 1 dated November 15, 2011, which, after a hearing, reduced the penalty to a suspension from active duty for a period of six months and a suspension from social functions for a period of another six months, the appeal is from an order of the Supreme Court, Nassau County (Jaeger, J.), dated March 27, 2012, which granted the petition to the extent of remitting the matter to Oyster Bay Fire Company No. 1 to conduct a hearing on the charges preferred against the petitioner, and for a new determination thereafter.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The petitioner, a volunteer firefighter, was suspended from active duty with Oyster Bay Fire Company No. 1 (hereinafter the Fire Company) for a period of one year, upon a finding by the Chief Officers of the Fire Company, made without a hearing, that the petitioner endangered other members of the Fire Company, potentially endangered the safety of other firefighters responding to a scene of an emergency, ignored a direct order of a Chief Officer, and acted in a disorderly fashion and in a manner unbecoming of a member of the Oyster Bay Fire Department (hereinafter the OBFD). Subsequently, the Oyster Bay Fire Company No. 1 Disciplinary Review Board (hereinafter the Review Board) reduced the penalty to a suspension from active duty for a period of six months and a suspension from social functions for another period of six months. The petitioner commenced this CPLR article 78 proceeding against the Fire Company, the OBFD, the Review Board, and several individual officers of those entities (hereinafter collectively the appellants) to review the determinations and to compel the Fire Company

to retroactively reinstate him to his position on the ground, inter alia, that the Fire Company's disciplinary proceeding failed to comply with the requirements of Civil Service Law § 75. The Supreme Court remitted the matter to the Fire Company to conduct a hearing in accordance with Civil Service Law § 75 and for a new determination thereafter. We affirm the order, albeit on the ground that General Municipal Law § 209-*l*, rather than Civil Service Law § 75, provides the statutory predicate for the Supreme Court's determination to direct a hearing on the disciplinary charges preferred against the petitioner.

As relevant to the instant proceeding, "Civil Service Law § 75 (1) (b) provides certain procedural protections to permanent employees, or permanent appointees, who are also . . . exempt volunteer firefighters. The statute provides these protections to all individuals employed in classified civil service positions who fit within its definitions" (*Matter of de Zarate v Thompson*, 213 AD2d 713, 713 [1995]; *see* Civil Service Law § 75 [1] [b]; *Matter of Wamsley v East Ramapo Cent. School Dist. Bd. of Educ.*, 281 AD2d 633, 634 [2001]). Although the petitioner is an exempt volunteer firefighter, he is neither a permanent employee nor a permanent appointee. Thus, contrary to the petitioner's contention, his status as an exempt volunteer firefighter, standing alone, does not entitle him to the protection of Civil Service Law § 75 (*see* Civil Service Law § 75 [1] [b]).

However, there is no merit to the appellants' contention that they did not have to comply with the hearing requirements of General Municipal Law § 209-*l* because this matter did not involve the petitioner's "removal" from the Fire Company. Subsection (3) of General Municipal Law § 209-*l* provides that: "[r]emovals on the ground of incompetence or misconduct, except for absenteeism at fires or meetings, shall be made only after a hearing upon due notice and upon stated charges and with the right to such officer or member to a review pursuant to article seventy-eight of the civil practice law and rules. Such charges shall be in writing and may be made by any such authority. The burden of proving incompetency or misconduct shall be upon the person alleging the same." "A volunteer firefighter must be afforded due process in disciplinary proceedings" (*Matter of Greene v Medford Fire Dept.*, 6 AD3d 705, 706 [2004]; *see Matter of Pawlowski v Big Tree Volunteer Firemen's Co., Inc.*, 12 AD3d 1030, 1031 [2004]). This is true whether the penalty that is ultimately imposed entails the firefighter's permanent removal from his or her position, or a suspension from the position. As set forth in General Municipal Law § 209-*l* (5), "[t]he officer or body having the power to remove the person

charged with incompetence or misconduct may suspend such person after charges are filed and pending disposition of the charges, *and after the hearing* may remove such person *or may suspend him or her for a period of time not to exceed one year*" (emphasis added). The plain meaning of this provision is that a volunteer firefighter may only be temporarily suspended, without a hearing, from the time that the charges are filed until the ultimate disposition of the charges, but that a hearing is required to actually dispose of the charges, and that a final penalty of suspension, not to exceed one year, may only be imposed after that hearing. Consequently, the appellants were required to comply with the procedures set forth in General Municipal Law § 209-*l* (*see e.g. Matter of Bigando v Quick*, 97 AD2d 609, 610 [1983]; *Garrett v North Babylon Volunteer Fire Co.*, 78 AD2d 897, 897 [1980]).

Accordingly, the Supreme Court properly remitted the matter to the Fire Company for further proceedings, including a hearing on the charges preferred against the petitioner, and a new determination thereafter. Mastro, J.P., Leventhal, Austin and Sgroi, JJ., concur.