■ In the Matter of ANNA A. YOUNG, Respondent, v SUPERVISOR OF THE TOWN OF LLOYD et al., Appellants.—Kane, J. P. Appeal from a judgment of the Supreme Court (Cobb, J.), entered May 31, 1989 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to, *inter alia,* pay petitioner's salary and fringe benefits pending a determination of disciplinary charges.

Petitioner has commenced this CPLR article 78 proceeding to compel respondents to pay her salary and fringe benefits pending a determination of disciplinary charges brought against her. Petitioner was an employee of the Town of Lloyd, Ulster County, under the classified civil service title of building inspector III, when respondents filed disciplinary charges seeking her dismissal. Petitioner was suspended without pay for 30 days pursuant to Civil Service Law § 75 (3). When the 30-day suspension ended, however, respondents failed to resume salary and benefit payments and, as of the date this proceeding was commenced, no decision on the disciplinary charges had been rendered.

Respondents answered the petition asserting the affirmative defenses that petitioner, as a nonresident, could not hold her position with the town and that her position had been eliminated due to budgetary considerations. Supreme Court found that respondents failed to show abolishment of petitioner's position and were estopped from raising a residency requirement because, *inter alia,* they originally acquiesced in her employment as a nonresident. Supreme Court ordered, *inter alia,* that respondents continue to pay petitioner's salary pending a determination of the disciplinary charges or the good-faith abolishment of petitioner's position. This appeal followed.

Respondents contend that petitioner bears the burden of showing bad faith on their part in abolishing petitioner's position. Petitioner contends that inasmuch as respondents raise the abolishment of the position as an affirmative defense, they bear the burden of showing that it was undertaken in good faith. Supreme Court determined that respondents insufficiently supported their showing that the position was abolished through "conclusory assertions" and that respondents

had "failed to raise any triable issue of fact with respect to a defense that [the] position was abolished". We disagree and, finding that questions of fact remain to be answered, remit the matter to Supreme Court for a hearing on the petition.

Although respondents bear the burden of proving an affirmative defense, that burden in this instance carries only so far as to show that petitioner's position was in fact abolished. We find in this regard that the sworn affidavit of respondent Town Supervisor sufficiently raises a triable issue. Should respondents succeed, petitioner then bears the burden of proving that the abolition was not undertaken in good faith, including any allegations of Civil Service Law violations (see, Matter of Leon v Meehan, 112 AD2d 935, 936, affd 67 NY2d 613; Matter of Crow v Ambach, 96 AD2d 642). Accordingly, whether respondents abolished petitioner's position and whether such was effected in good faith are questions of fact for Supreme Court to resolve upon a hearing of both parties.

In so finding, we agree with Supreme Court's decision inasmuch as it finds that respondents are estopped from raising a residency requirement as an affirmative defense. Petitioner in this instance was entitled to rely on her appointment and employment which respondents authorized, notwithstanding that she was a nonresident of the town (see, Brennan v New York City Hous. Auth., 72 AD2d 410; see also, Bender v New York City Health & Hosps. Corp., 38 NY2d 662, 668).

Judgment reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.