■ In the Matter of THOMAS SHIELDS, Appellant, v JAY DINGA, as Comptroller for the County of Broome, et al., Respondents. [634 NYS2d 790] —Mikoll, J. Appeal from a judgment of the Supreme Court (Rose, J.), entered February 28, 1995 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, compel the Broome County Soil & Water District Board to reinstate petitioner to his employment.

Petitioner, employed as a District Manager by the Broome County Soil & Water Conservation District (hereinafter the District), was suspended from his employment on May 9, 1994 without pay. On August 5, 1994, the District, without having

scheduled a disciplinary hearing, reimbursed petitioner his salary for the duration of his suspension excepting May 9, 1994 through June 8, 1994. The District continued his pay until December 16, 1994, when the District informed petitioner that his position was being abolished due to funding cuts and budgetary constraints.

Prior to the budget cuts, the District received funding directly from the County to perform certain authorized duties, while other funds were made available via a contract between the District and the County Parks Department. Pursuant to the contract, the District was required to maintain 21 watersheds owned by the County and inspect the County flood control dams as well as the Federally funded stream protection areas. In the 1994 budget, the District received $75,000 directly from the County and $75,000 through the contract with the Parks Department. However, in the 1995 budget, the District was to receive only $10,000 directly from the County and no contract moneys. Consequently, the Board for the District elected to abolish petitioner's position.

Petitioner commenced the instant CPLR article 78 proceeding claiming, *inter alia*, that the abolition of the District Manager position was an improper attempt by respondents "to circumvent the procedural protections afforded by the Civil Service Law". Petitioner requested restoration to the County payroll and payment of his health benefits and the amount of his salary allegedly wrongfully withheld. Supreme Court, in dismissing the petition as to all respondents except the District, found that petitioner's action was proper only against his actual employer and that petitioner had failed to allege any acts on the part of the other respondents which caused the abolition of his position. Supreme Court also dismissed the petition as to the District, concluding that the position had been eliminated for economic reasons and petitioner failed to demonstrate that the District had acted in bad faith.

We reject petitioner's contention that his cause of action against the County is valid and should not have been dismissed because the County and the District are "alter egos" and the County used the District as a mere instrumentality to circumvent the Civil Service Laws. Supreme Court properly reasoned that for purposes of employment the County and the District were separate entities, as illustrated by the fact that the Soil and Water Conservation Districts Law gave authority to the District to establish and abolish positions of employment as well as to sue and be sued (*see,* Soil and Water Conservation Districts Law § 9; *see also,* 1980 Opns Atty Gen 62, 63).

Soil and water conservation districts appear to be entities similar to but different from "improvement districts", such as sewer districts or ambulance districts, which are not "district corporations" separate from counties or towns, but are merely administrative units of counties or towns (*see, Raffone v Town of Islip*, 85 AD2d 597, 598; *Belinson v Sewer Dist. No. 16*, 65 AD2d 912, 912-913; *Tom Sawyer Motor Inns v Chemung County Sewer Dist. No. 1*, 33 AD2d 720, 720-721). These improvement districts cannot contract indebtedness or levy taxes as can district corporations (*see*, General Construction Law § 66 [3]), and they are controlled by town boards (*see, ibid.; see also* Town Law § 198). Conversely, State "authorities" have been held to be distinct from the State largely because they are authorized to sue and be sued, appoint employees, acquire real estate and enter into contracts (*see, Matter of Dormitory Auth. [Span Elec. Corp.]*, 18 NY2d 114, 118; *Greene v Dormitory Auth.*, 173 AD2d 1, 4, *lv denied* 79 NY2d 756).

In view of the above, as well as the definition of a soil and water conservation district as "a county whose board of supervisors has by resolution declared said county to be a soil and water conservation district" (Soil and Water Conservation Districts Law § 3 [1]) and the powers given it, such districts exist as entities separate and distinct from counties. As the evidence shows that petitioner was employed by the District, not the County, and that the District's termination of his employment was not attributable to the County, those respondents other than the District were properly dismissed from this proceeding.

We also reject petitioner's argument that an inference of bad faith is created by the reassignment of the duties of the abolished position, specifically that petitioner's managerial duties were assumed by the Board and the responsibilities under the contract with the Parks Department were transferred to that department. The assumption of the duties of petitioner's abolished position by another employee, in itself, is not proof of bad faith (*see, Matter of Piekielniak v Axelrod*, 92 AD2d 968, 969, *lv denied* 59 NY2d 603). Likewise, the Board's assumption of the managerial responsibilities of the abolished district, without more, is not evidence of bad faith. The changes complained of are shown to be due to lack of funding, are cost saving and born of economic necessity, and not from improper motives. Furthermore, petitioner's claim that the Board's attempt to dismiss him for cause, without a hearing, was violative of his due process rights acquired pursuant to Civil Service Law § 75 lacks merit. Absent a showing of bad faith,

petitioner's conclusory assertions are patently insufficient to serve as evidentiary support for his claims. Moreover, there is no showing that the abolition of his position was in any way related to the disciplinary hearings pending against him.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.