■ In the Matter of JOHN R. CHANECKA, Appellant, v BOARD OF EDUCATION, BROOME-TIOGA BOCES et al., Respondents. [663 NYS2d 681] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Rose, J.), entered October 1, 1996 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, compel respondents to reinstate petitioner to his employment.

The issues raised on this appeal are twofold: (1) was petitioner's position lawfully abolished due to financial inability to continue funding said position, and (2) is petitioner entitled to recover retroactive salary for the period when he was off the payroll but during which time he continued to work.

Petitioner was appointed Planning Director for the Southern Tier Regional Planning Center for Economic Development (hereinafter STREC) by respondent Broome-Tioga Board of Cooperative Educational Services (hereinafter BOCES). Petitioner's position was completely funded through various grants provided by the State Education Department. BOCES agreed to act as fiscal agent for STREC, receiving and disbursing funds which included petitioner's salary.

BOCES terminated petitioner's position as Planning Director on October 4, 1995, stating that the position was being abolished due to economic reasons. He had also been terminated previously in July 1995 for the same reasons. In August 1995 petitioner was placed back on BOCES' payroll and granted retroactive pay effective to July 1995 when funds became available.

On October 1, 1995, petitioner was again terminated and reinstated on February 22, 1996. On February 20, 1996, petitioner wrote a memorandum to respondents in which he acknowledged his understanding that his position had been eliminated on October 1, 1995 and that, while he would be reinstated on February 22, 1996, there would be no retroactive pay. Petitioner then sought a variance from BOCES for retroactive pay claiming that he did not know his position had been eliminated and that he had worked for the last four months to have the State release the funds that would pay his salary. He also stated that he continued to work for STREC during the time he was off the payroll with the understanding that he would be reinstated and receive retroactive pay once BOCES received the necessary funds.

On February 29, 1996, the Education Department informed

BOCES that the funds for STREC, including petitioner's salary, were available. At this point BOCES was free to reinstate petitioner and to grant him retroactive pay. However, on March 25, 1996 BOCES approved the reinstatement of petitioner effective only from February 22, 1996. On June 4, 1996, petitioner filed a notice of claim against BOCES for retroactive reinstatement and pay. On June 25, 1996, BOCES informed petitioner that his position had been eliminated effective July 1, 1996.

In this proceeding petitioner seeks reinstatement from his July 1, 1996 termination and seeks retroactive pay from October 1, 1995 through February 22, 1996. He appeals from Supreme Court's judgment dismissing the petition.

Before the issue of petitioner's claim for retroactive pay is addressed, we turn prefatorily to the question of whether his claim was properly dismissed by Supreme Court for lack of compliance with Education Law § 3813. A notice of claim which is a condition precedent to bringing suit must be filed within 90 days from the accrual of a claim. A failure to present it within 90 days is a fatal defect mandating dismissal (Education Law § 3813 [1]; see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 547-548). The notice of claim requirement is intended to provide the government agency with an opportunity to investigate the claim (see, Matter of Deposit Cent. School Dist. v Public Empl. Relations Bd., 214 AD2d 288, 292, lv dismissed, lv denied 88 NY2d 866). Accrual occurs when damages have matured and become certain and ascertainable (Matter of Bader v Board of Educ., 216 AD2d 708).

The record discloses that on February 20, 1996, petitioner was made fully aware that he was not being retroactively reinstated effective October 1, 1995. It was at such time that his damages became certain and ascertainable. As a result, petitioner's notice of claim filed on June 4, 1996 was untimely because it failed to comply with Education Law § 3813 (1). We reject petitioner's contention that BOCES should be estopped from asserting a notice of claim defense. We find no affirmative conduct on BOCES' part which would justify petitioner's reliance thereon and keep him from timely filing his claim. Having made such finding, we need not address the validity of petitioner's claim against BOCES for retroactive pay.

We address one other issue raised by petitioner. He contends that he is entitled to a hearing as to whether he was terminated in bad faith in an effort to circumvent the Civil Service Law. On this issue, petitioner had the burden to show that his position was eliminated in bad faith (see, Matter of Piekielniak v

*Axelrod,* 92 AD2d 968, 969, *lv denied* 59 NY2d 603). We find that petitioner has not met his burden of proof. Petitioner's position was eliminated in October 1995 because there was uncertainty surrounding the release of funds to pay his wages. BOCES' elimination of the position was fully justified under the circumstances. Though no savings were accomplished by BOCES, there was a savings to the State. We note too that no other person was hired to replace petitioner. We find that the record belies petitioner's claim of improper motive (*see, Matter of Shields v Dinga,* 222 AD2d 816, 818).

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.