■ In the Matter of LAWRENCE A. MUCCI, Appellant, v CITY OF BINGHAMTON et al., Respondents. [664 NYS2d 396] —Mikoll, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered July 31, 1996 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, direct respondents to reinstate petitioner to his prior employment.

Petitioner challenges his termination as Community Development Attorney for respondent City of Binghamton on the ground that he was dismissed in violation of Civil Service Law § 75. Supreme Court dismissed the petition holding that petitioner failed to present proof that the City acted in bad faith in eliminating petitioner's position.

Petitioner contends that the City's Mayor exceeded his authority by terminating his position without legislative authority in violation of the Binghamton City Charter. Such contention is not supported by the record. It was the City Council which eliminated petitioner's position. Prior to the approval of the Community Development Block Grant (hereinafter CDBG) budget, from which source petitioner was paid, the budget was made available to the public for more than five weeks, listing a breakdown of those positions and salaries which were to be funded by the CDBG program. Petitioner's position was not included. The City Council was also advised that it could use non-CDBG funds to continue petitioner's position or it could prepare a CDBG budget modification requiring nine weeks to amend. The City passed the ordinance adopting the 1996 budget without amending it, thus abolishing petitioner's position.

Petitioner urges that the termination of his employment was not a good-faith abolition of his position. He contends that his termination was not for economic or efficiency reasons but was related to job performance entitling him to a hearing pursuant to Civil Service Law § 75.

It is settled law that a public employer may, in the absence of bad faith, collusion or fraud, abolish positions for purposes of economy or efficiency (*see, Matter of Aldazabal v Carey*, 44 NY2d 787, 788). It is petitioner's burden of proving that the abolition of his position was brought on by bad faith or in an effort to circumvent the Civil Service Law. To satisfy such burden, petitioner must eliminate bona fide reasons for the elimination of his position, show that no savings were accomplished or that someone was hired to replace him (*see, Matter of Piekielniak v Axelrod*, 92 AD2d 968, 969, *lv denied* 59 NY2d 603). We find that petitioner failed to substantiate his contention that his position was abolished as a subterfuge for disciplinary action.

The record discloses that the City was faced with a financial crisis in view of declining revenues. Though petitioner's salary was paid with Federal funds, its elimination permitted the funds to be used for other purposes. The City largely shifted petitioner's work to either the City Corporation Counsel or

employed outside private counsel on an as needed basis. No one was hired in petitioner's place, nor was another position created to perform his duties. The amount of urban renewal projects had dropped sharply. An evaluation of petitioner's department by an outside source indicated that the position was not needed. The City achieved a savings in abolishing 20 positions, including petitioner's, and was thus able to reduce its tax burden and make a more efficient use of limited Federal funding. We find that the elimination of petitioner's position was made in good faith and in response to fiscal considerations.

Petitioner raises a number of examples of conduct by respondents which he contends support his allegation of bad faith. We find these insufficient to support his bad faith claim.

Cardona, P. J., Casey, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.