■ In the Matter of RICHARD J. BELVEY, Appellant, v TIOGA COUNTY LEGISLATURE et al., Respondents. [684 NYS2d 341] —Peters, J. Appeal from a judgment of the Supreme Court (Rose, J.), entered June 4, 1998 in Tioga County, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination abolishing petitioner's position with Tioga County.

Petitioner held his position as the Director of Data Processing in Tioga County until January 9, 1998 when it was abolished by respondent Tioga County Legislature (hereinafter the Legislature). Implementing recommendations made from as early as May 1997 by both a private consultant and the Governor's Task Force on Information Resource Management

regarding future data processing needs for the County, the position of "Director, Division of Information Technology and Communication Services" was created.

By this proceeding, petitioner sought reinstatement to either his former position or the new position or appointment to a similar one within the civil service where a vacancy exists. He thereafter moved for disclosure pursuant to CPLR 408. Supreme Court denied petitioner's motion and dismissed the petition on the merits, prompting this appeal.

Petitioner challenges the abolition of his position for the purpose of economy or efficiency by characterizing it as a "subterfuge to avoid the statutory protection afforded to civil servants [by Civil Service Law § 75]" (*Matter of Rosenthal v Gilroy*, 208 AD2d 748, 749; *see, Matter of Mucci v City of Binghamton*, 245 AD2d 678, 679, *lv denied* 92 NY2d 802). Our review reveals otherwise.

The record includes early reports undertaken both publicly and privately to study the data processing structure which included petitioner at its helm. Finding a needed expansion and further centralization of information by one with qualifications far greater than that previously required, the Legislature created the new position which requires a Master's degree in computer science and three years of experience or a Bachelor's degree and five years of experience. Further, the position was classified as noncompetitive, with a higher salary and more expansive responsibilities. In these circumstances, we find that respondents sustained their burden of showing that petitioner's position was abolished for economic or efficiency reasons. Moreover, undisputed record evidence indicates that respondent Leon U. Thomas, Chair of the Legislature's Information Technology Committee, made efforts to secure other employment for petitioner prior to the elimination of his position.

In the absence of allegations concerning procedural error, the burden shifted to petitioner to demonstrate a lack of good faith or that termination was based upon his job performance (*see, Matter of Aldazabal v Carey*, 44 NY2d 787, 788; *Matter of Mucci v City of Binghamton, supra*, at 679; *see also, Matter of Rosenthal v Gilroy, supra*, at 749; *Matter of Della Vecchia v Town of N. Hempstead*, 207 AD2d 484, 485, *lv denied* 84 NY2d 812; *Matter of Young v Supervisor of Town of Lloyd*, 159 AD2d 828, 829, *lv dismissed* 76 NY2d 761). Merely alleging a failure to provide prior notification that the position was to be abolished is not, absent a statutory duty, sufficient to demonstrate a lack of good faith. Having failed to "eliminate bona fide reasons for the elimination of his position, show that no

savings were accomplished or that someone was hired to replace him" (*Matter of Mucci v City of Binghamton, supra*, at 679), petitioner did not demonstrate that the protections afforded by Civil Service Law § 75 were triggered. Finding that the showing was insufficient to trigger a hearing and that the proffer supporting the disclosure was inadequate (*see, Matter of Town of Mamakating v New York State Bd. of Real Prop. Servs.*, 246 AD2d 844, 845), we decline to disturb Supreme Court's judgment.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.