■ In the Matter of COLLEEN COHEN, Appellant, v CROWN POINT CENTRAL SCHOOL DISTRICT et al., Respondents. COLLEEN COHEN, Appellant, v CROWN POINT CENTRAL SCHOOL DISTRICT et al., Respondents, et al., Defendant. [761 NYS2d 384] —Crew III, J. Appeals (1) from a judgment of the Supreme Court (Dawson, J.), entered April 2, 2002 in Essex County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, inter alia, compel respondent Crown Point Central School District to reinstate petitioner to her former employment, and (2) from an order of said court, entered April 2, 2002 in Essex County, which granted certain defendants' motion for summary judgment dismissing the complaint against them.

In August 1988, Colleen Cohen was hired by the Crown Point Central School District (hereinafter School District) to serve as its business manager, a permanent civil service position. Thereafter, on April 4, 1990, the School District's Board of Education (hereinafter School Board) voted to abolish the position of busi-

ness manager beginning with the 1990-1991 academic year and Cohen was so notified. One week later, the School Board amended the minutes of its prior meeting to reflect that the position of business manager would not be funded for the upcoming school year. Shortly thereafter, a new superintendent of schools was hired and, as this individual possessed significant experience in business and school finance, he assumed many of Cohen's former duties.

Following an unsuccessful administrative appeal to the Department of Education, Cohen commenced a proceeding pursuant to CPLR article 78 seeking, inter alia, a judgment directing the School Board to reinstate her to her former position, as well as an action in Supreme Court alleging, inter alia, violations of her rights to due process and equal protection. Although Supreme Court (Viscardi, J.) initially found a question of fact as to whether the School Board abolished Cohen's position in bad faith, following additional discovery, Supreme Court (Dawson, J.) dismissed the petition, finding that petitioner had failed to demonstrate that the action taken by the School Board was arbitrary and capricious or an abuse of discretion. Supreme Court also granted a motion by the School District, its interim superintendent and members of the School Board (hereinafter collectively referred to as defendants) for summary judgment in the action, finding that the School Board's decision to abolish/not fund Cohen's position was based upon valid organizational and economic reasons. These appeals by Cohen ensued.

We affirm. "It is settled law that a public employer may, in the absence of bad faith, collusion or fraud, abolish positions for purposes of economy or efficiency" (*Matter of Mucci v City of Binghamton*, 245 AD2d 678, 679 [1997] [citation omitted], *lv dismissed* 91 NY2d 921 [1998], *lv denied* 92 NY2d 802 [1998]). Based upon our review of the record as a whole, we are persuaded that defendants met their initial burden of tendering sufficient admissible proof to establish that the abolition of Cohen's position was due to valid economic and budgetary concerns.

In this regard, the record is replete with references to the significant budget deficit that the School District was confronting in early 1990 and details the various cost-saving proposals considered, including a resolution to cease all unnecessary expenditures and the possibility of personnel cuts. Although defendants' evidentiary showing could have been strengthened by the submission of budgetary calculations showing the actual savings to the School District by the elimination of Cohen's po-

sition, the sworn affidavits submitted by various members of the School Board nonetheless provide ample evidence to demonstrate that Cohen's position was eliminated for economic reasons. Indeed, there is examination before trial testimony in the record indicating that, ultimately, Cohen was not the only employee to lose her job in response to this budget crisis.

In opposition to such proof, Cohen was required to "eliminate bona fide reasons for the elimination of [her] position, show that no savings were accomplished or that someone was hired to replace [her]" (*id.* at 679). This she failed to do. The record makes clear that no one was hired to replace Cohen; the new superintendent took over many of Cohen's duties, and the bookkeeping aspect of her job fell to the School District's treasurer, the latter of whom was paid significantly less than Cohen in her former position. The lack of budgetary calculations cuts against Cohen as well, as her conclusory assertion that the School District did not save any money by eliminating her position cannot be sustained on this record. Finally, although Cohen attempts to offer other motivations for the School Board's actions, her unsubstantiated allegations in this regard are insufficient to defeat defendants' motion for summary judgment.*

Having concluded that the School Board possessed valid economic reasons for eliminating Cohen's position, Cohen's due process and equal protection claims must fail. Cohen's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit. Accordingly, the underlying judgment and order are affirmed.

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the judgment and order are affirmed, without costs.

---

* We note in passing that we find Cohen's argument that such motion was barred by the doctrine of law of the case to be unpersuasive. Although Justice Viscardi initially found a question of fact as to the motivation behind the elimination of Cohen's position, such finding did not bar Justice Dawson from resolving that issue after further discovery. Hence, we do not find the law of the case to be applicable here. Moreover, even if such doctrine was implicated, law of the case is directed to a court's discretion and does not, in fact, restrict such court's authority (*see People v Evans*, 94 NY2d 499, 503 [2000]; *see also Hollis v Charlew Constr. Co.*, 302 AD2d 700 [2003]). Thus, were we to squarely address this issue, we would find no abuse of Supreme Court's discretion.