SUMMARY ORDER
Plaintiff-Appellant Leon Zacharowicz appeals the district court’s order granting summary judgment to Defendants-Appellees Nassau Health Care Corporation and Nassau University Medical Center (collectively “the hospital”) in his action alleging discriminatory retaliation, discriminatory discharge, failure to accommodate, and hostile work environment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the New York State Human Rights Law, N.Y. Exec. L. §§ 290 et seq. We presume the parties’ familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.
Zacharowicz, an Orthodox Jewish physician who was employed by the hospital from June 1997 to June 2001, says he complained repeatedly about being scheduled to work or to be on-call in the pediatric neurology department during Jewish Sabbaths and religious holidays. He alleges that his termination in June 2001 during a financial crisis was, in fact, because of his demands for accommodation of his religious practices and out of discriminatory animus towards him on account of his religion. The district court held that Zacharowicz had not made out a prima facie case of religious discrimination or hostile work environment, and that he could not prove retaliation because he had not produced evidence that the hospital’s stated reasons for firing him—specifically, the downsizing occasioned by the financial crisis, coupled with complaints made about Zacharowicz by staff, patients, and residents—were a pretext for retaliation.
There are two aspects to Zacharowicz’s religious discrimination claim: (1) failure to accommodate his religious practice, and (2) discriminatory discharge on account of his religion. It is an unlawful employment practice under Title VII “for an employer not to make reasonable accommodations, short of undue hardship, for the religious practices of his employees and prospective employees.” Trans World Airlines, Inc. v. Hardison, 432 U.S. 63, 74, 97 S.Ct. 2264, 53 L.Ed.2d 113 (1977). However, a Title VII claim is time-barred if an employee does not file a charge with the Equal Employment Opportunity Commission (“EEOC”) within 300 days after the alleged unlawful practice. See 42 U.S.C. § 2000e-5(e)(1). And, we have *154 held that “an employer’s rejection of an employee’s proposed accommodation for religious practices does not give rise to a continuing violation [but rather] is the sort of ‘discrete act’ that must be the subject of a complaint to the EEOC within 300 days.” Elmenayer v. ABF Freight Sys., Inc., 318 F.3d 130, 134-35 (2d Cir.2003).
Zacharowicz filed his EEOC complaint on June 15, 2001. Therefore, any claim he had for the hospital’s failure to accommodate his religious practice prior to August 19, 2000 is time-barred. Zacharowicz has not alleged any unheeded requests for religious accommodation that occurred after this date. To the extent that he has, the hospital accommodated him in May 2001 by transferring him from the child neurology department to the adult neurology department, where he would no longer have Saturday call. Accordingly, we affirm the district court’s dismissal of Zacharowicz’s religious accommodation claim.[1]
Zacharowicz also alleges that he was terminated on account of his religion, which the district court did not address directly. A prima facie case of discriminatory discharge requires a showing that (1) the plaintiff belongs to a protected class; (2) he was performing his duties satisfactorily; (3) he was discharged; and (4) his discharge occurred in circumstances giving rise to an inference of discrimination on the basis of his membership in that class. Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir.1994). Once a plaintiff meets his burden, the burden of production shifts to the defendant to proffer a “ ‘legitimate, nondiscriminatory reason’ ” for the discharge. Woodman v. WWORTV, Inc., 411 F.3d 69, 76 (2d Cir.2005) (quoting Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 91 (2d Cir.2001)). “[O]nce the employer has proffered its nondiscriminatory reason, the employer will be entitled to summary judgment ... unless the plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination.” James v. N.Y. Racing Ass’n, 233 F.3d 149, 154 (2d Cir.2000).
Zacharowicz seeks to rebut the hospital’s contention that it fired him as part of the restructuring brought on by its financial crisis and because of his poor relationship with staff and colleagues by pointing to the fact that one year or so later, it created a full-time position for another neurologist. Assuming arguendo that in this way, and by challenging the hospital’s assertions seeking to link Zacharowicz’s selection for firing to the admitted general financial crisis, Zacharowicz has made out a sufficient case so that a jury could find that the hospital’s stated reason for firing him was “pretextual,” see, e.g., Viola v. Philips Med. Sys. of N. Am., 42 F.3d 712, 718 (2d Cir.1994), such a case is not, without more, sufficient to establish an inference of religious discrimination or retaliation for a protected activity. See id.; see also Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 173 (2d Cir.2005) (applying to a retaliation claim the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). As we held in Fisher v. Vassar College, 114 F.3d 1332 (2d Cir.1997) (en banc), “the fact that the proffered reason was false does not necessarily mean that the true motive was the illegal one argued by the plaintiff.” Id. at 1338; see also id. at 1337 (“[T]he essential elements of [a] diminished, minimal prima facie case do not necessarily support a reasonable inference of illegal discrimina *155 tion.”). Rather, where, as here, “the plaintiff create[s] only a weak issue of fact as to whether the employer’s reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred,” the employer is entitled to judgment as a matter of law. Reeves v. Sanderson Plumbing Prods., Inc., 580 U.S. 138, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).
Zacharowicz has not put forward sufficient timely evidence, beyond “mere speculation and conjecture,” see Bickerstaff v. Vassar Coll., 196 F.3d 435, 448 (2d Cir.1999), from which a reasonable jury could conclude that his firing was motivated by impermissible discrimination,[2] rather than by dislike for Zacharowicz based on his admittedly dysfunctional relationship with his colleagues or the alleged complaints about his treatment of staff and patients. Such nondiscriminatory-grounded dislike, whether inappropriate, understandable, or neutral, does not, of course, constitute a basis for a Title VII suit. See Norton v. Sam’s Club, 145 F.3d 114, 120 (2d Cir.1998) (explaining that anti-discrimination law “does not make employers liable for doing stupid or even wicked things; it makes them liable for discriminating”).[3] We therefore affirm the district court’s dismissal of Zacharowicz’s discriminatory discharge and retaliation claims.
Finally, Zacharowicz alleges that his uncomfortable conversations with the department chair about Jewish issues and his supervisor’s presentation of tentative call schedules that did not fully accommodate his religious practices combined to create a hostile work environment. A plaintiff who seeks to make out a hostile work environment claim must proffer evidence that her workplace “is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim’s employment.” Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (internal citation and quotation marks omitted). Because Zacharowicz’s allegations do not rise to this level, we affirm the district court’s holding that he did not make out a prima facie case for hostile work environment.
Because claims under the New York State Human Rights Law “are analyzed identically” to Title VII claims, see Smith v. Xerox Corp., 196 F.3d 358, 363 n. 1 (2d Cir.1999), we also affirm the district court’s dismissal of Zacharowicz’s state law claims.
We have considered all of Zacharowicz’s arguments and find them to be without merit. The decision of the district court is therefore AFFIRMED.

. We express no opinion on the district court’s holding that an employee cannot make out a religious accommodation claim unless she refuses to comply with her employers' demands and is subsequently disciplined, except to note that we do not view this as the settled law of this circuit.

. Zacharowicz's complaints to the hospital's CEO occurred one year before he was fired. A time lapse of this length, though not too long to satisfy the de minimis burden necessary to make out a prima facie case of retaliatory firing, is long enough to render any inference of a Title VII violation very weak. Cf. Slattery, 248 F.3d at 95.

. We note that, under New York’s civil service laws, Zacharowicz could not have been fired for "incompetency or misconduct” without a formal hearing, but could be terminated under that law for financial reasons. N.Y. Civ. Serv. L. § 75; see Mucci v. City of Binghamton, 245 A.D.2d 678, 664 N.Y.S.2d 396, 397 (1997). Whether that would constitute a valid third reason explaining why the defendants did not try to justify Zacharowicz’s firing solely by reference to his interpersonal relations, and thereby removing any suggestion of Title VII discriminatory purpose that might otherwise arise from a pretextual explanation, we need not consider.