In the Matter of JOHN R. LINNEY, Appellant, v CITY OF PLATTSBURGH et al., Respondents. [853 NYS2d 227]—

Stein, J.

Petitioner was employed by respondent City of Plattsburgh

(hereinafter respondent) as human resources director beginning in 1999. In December 2005, petitioner was informed that funding for his position would not be included in the 2006 budget. However, the position was extended until September 2006, as part of a settlement agreement between the parties regarding a claim filed by petitioner against respondent with the Public Employment Relations Board. In September 2006, the position of human resources director was converted to a part-time position. Petitioner challenged the reduction in his position, claiming violation of Civil Service Law § 80.* Supreme Court dismissed the petition, finding that petitioner failed to demonstrate that respondent had acted in bad faith. Supreme Court also denied petitioner's subsequent motion to reargue and renew. Petitioner now appeals from the judgment dismissing the petition and the order denying his motion.

"[A] public employer may, in the absence of bad faith, collusion or fraud, abolish positions for purposes of economy or efficiency" (*Matter of Mucci v City of Binghamton*, 245 AD2d 678, 679 [1997], *lv dismissed* 91 NY2d 921 [1998], *lv denied* 92 NY2d 802 [1998]; *see Matter of Lamb v Town of Esopus*, 35 AD3d 1004, 1005 [2006]). Moreover, a petitioner has the burden of demonstrating bad faith or an effort to circumvent the Civil Service Law in the elimination of a position (*see Matter of Mucci v City of Binghamton*, 245 AD2d at 679). A "petitioner must eliminate bona fide reasons for the elimination of his [or her] position, show that no savings were accomplished or that someone was hired to replace him [or her]" (*id.*; *accord Matter of Belvey v Tioga County Legislature*, 257 AD2d 967, 968-969 [1999]).

Here, respondent demonstrated that it was faced with a financial crisis and the outsourcing of many of the job duties of the human resources director resulted in significant savings. Notably, petitioner did not initially contend that the elimination of the full-time position failed to equate to a savings for respondent. While he counters that respondent's claim of cost reduction was a subterfuge, arguing that his position was eliminated in retaliation for filing sexual harassment claims on behalf of a coworker against city councilors in 2004, for inquiring about unionizing other managers in 2001 and other interactions between himself and various city officials, we find these conclusory and unsupported allegations to be insufficient to overcome respondent's bona fide reasons for eliminating petitioner's full-time position (*see Matter of Lamb v Town of Esopus*, 35 AD3d at

---

* Subsequent to Supreme Court's determination on the petition, respondent eliminated the human resources director position entirely.

1005; *Matter of Mucci v City of Binghamton,* 245 AD2d at 680) or to show an entitlement to a full hearing prior to the elimination (*see Matter of Heron v City of Binghamton,* 307 AD2d 524, 526 [2003], *lv denied* 100 NY2d 515 [2003]; *Matter of Belvey v Tioga County Legislature,* 257 AD2d at 969).

Finally, the denial of petitioner's motion to reargue is not appealable (*see e.g. Matter of King v Town Council of Coxsackie,* 35 AD3d 1120, 1120 [2006]). Moreover, Supreme Court did not err in denying the motion to renew as petitioner failed to submit evidence that would change the court's prior determination (*see* CPLR 2221 [e] [2]; *Matter of Cooke Ctr. for Learning & Dev. v Mills,* 19 AD3d 834, 837 [2005], *lv dismissed and denied* 5 NY3d 846 [2005]).

Cardona, P.J., Spain, Carpinello and Kavanagh, JJ., concur. Ordered that the judgment and order are affirmed, without costs.