■ In the Matter of KAREN SCHOONMAKER, Appellant, v CAPITAL REGION BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Respondents, et al., Respondents. [916 NYS2d 252]—

McCarthy, J. Appeal from a judgment of the Supreme Court (O'Connor, J.), entered February 9, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents Capital Region Board of Cooperative Educational Services, Board of Education of the Capital Region Board of Cooperative Educational Services and Charles S. Dedrick reducing petitioner's hours of employment by 25%.

Petitioner is employed by respondent Capital Region Board of Cooperative Educational Services (hereinafter BOCES) as a senior keyboard specialist. From October 2000 through June 2009, she was employed full time. Due to a reduction in her division's workload, BOCES reduced petitioner's hours to 75% of full time and her wages decreased correspondingly. Petitioner commenced this proceeding alleging that BOCES, respondent Board of Education of BOCES and respondent Charles S. Dedrick, the Superintendent of BOCES, violated her rights under Civil Service Law § 80 by reducing her hours and salary but not reducing the hours of senior keyboard specialists with less seniority. Holding that BOCES did not violate the statute, Supreme Court dismissed the petition. Petitioner appeals.

BOCES did not violate Civil Service Law § 80 when it reduced petitioner's hours, despite her seniority. The parties present a question of pure statutory interpretation. As the statutory text is unambiguous, we must give effect to its plain meaning (see *Zakrzewska v New School*, 14 NY3d 469, 479 [2010]; *Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006]). The statute at issue, entitled "[s]uspension or demotion," provides that "[w]here, because of economy, consolidation or abolition of functions, curtailment of activities or otherwise, positions in the competitive class are abolished or reduced in rank or salary grade, suspension or demotion . . . among incumbents [in the same governmental jurisdiction] holding the same or similar positions shall be made in the inverse order of original appointment" (Civil Service Law § 80 [1]). Senior keyboard specialist is a position in the competitive class. Petitioner's hours were reduced due to economy, abolition of functions or curtailment of activities, namely that petitioner previously performed work related to several grants and those grants ended in June 2009.

The question then becomes whether the reduction in hours and corresponding effect on petitioner's overall income equate to her position being "abolished or reduced in rank or salary grade." (*Id.*) The answer is no.

While conversion of a full-time position to part time has been considered as an abolition of the full-time position (*see Matter of Linney v City of Plattsburgh*, 49 AD3d 1020, 1021 [2008]; *see also Matter of Kerr v Weisenberg*, 65 AD2d 815, 816 [1978], *affd* 49 NY2d 870 [1980]), the local civil service rules in Albany County—which includes BOCES employees—define part-time employment as a person working 50% or less or earning not more than half of the rate assigned if the position was allocated to a graded salary schedule. Under those rules, petitioner's position remained full time and was not converted to a part-time position. Hence, her position was not abolished.

Petitioner was also not reduced in rank; after her hours were reduced, she retained the civil service title of senior keyboard specialist. Her salary grade was not reduced either. Petitioner continued to receive the same pay rate according to her salary grade (*see* Civil Service Law § 130); she just received 75% of her former total wages to reflect that she was only working 75% of her former hours. BOCES's diminution of petitioner's hours did not violate the plain language of the statute.

Had the Legislature intended to require that governmental employers suspend or demote employees in the inverse order of appointment when a position was "abolished or reduced in rank[,] salary grade" *or hours*, those additional words could have been included in the statute (*see Matter of Amorosi v South Colonie Ind. Cent. School Dist.*, 9 NY3d 367, 373 [2007]). Indeed, the Legislature attempted to add to the statute by requiring inverse-seniority demotion or suspension when an employer reduced its employees' work hours, but the Governor vetoed the bill (*see* Sponsor's Mem, 2003 NY Assembly Bill A8399; Governor's Mem, Veto Jacket, Veto 140 of 2003, vetoing 2003 NY Assembly Bill A8399). Because the language referring to hours was not included, we cannot intrude on the legislative function and read such wording into the statute (*see Bender v Jamaica Hosp.*, 40 NY2d 560, 562 [1976]). Contrary to petitioner's policy arguments that our decision will create a slippery slope, allowing governmental entities to reduce a senior employee's hours as punishment or to benefit favored less-senior employees, government workers are currently protected by the law and may bring an action against an employer if they suffer adverse employment actions based upon decisions rendered in bad faith (*see Matter of Linney v City of Plattsburgh*, 49 AD3d at 1021).

Mercure, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.