# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1439**
**CA 14-00538**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF OBI IFEDIGBO,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

BUFFALO PUBLIC SCHOOLS, RESPONDENT-RESPONDENT.

---

SANDERS & SANDERS, CHEEKTOWAGA (HARVEY P. SANDERS OF COUNSEL), FOR
PETITIONER-APPELLANT.

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (ROBERT E. QUINN OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Erie County (Timothy J. Walker, A.J.), entered April 1, 2013 in a
proceeding pursuant to CPLR article 78.  The judgment, among other
things, dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding
alleging, inter alia, that respondent acted arbitrarily in creating
the new position of Director of Facilities Planning, Design, and
Construction in 2010, in failing immediately to place petitioner in
that position and in eliminating his position in 2012.  Respondent
moved to dismiss the petition and, on notice, that motion was
converted to a motion for summary judgment.  We conclude that Supreme
Court properly granted the converted motion for summary judgment,
thereby dismissing the petition in its entirety.

Respondent established as a matter of law that its actions in
2010 and in 2012 "had a rational basis and [were] not arbitrary"
(*Matter of Mills v Nyquist*, 63 AD2d 1060, 1060, *affd* 47 NY2d 809; *see
generally Matter of Pell v Board of Educ. of Union Free Sch. Dist. No.
1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222,
231).  "The arbitrary or capricious test chiefly 'relates to whether a
particular action should have been taken or is justified . . . and
whether the administrative action is without foundation in fact' . . .
Arbitrary action is without sound basis in reason and is generally
taken without regard to the facts" (*Pell*, 34 NY2d at 231).

Respondent established that its decision to reorganize its
Facilities Department in 2010 was made as a result of a third-party

study that identified redundancy within the Department and the decision of one employee to retire. At the time of the employee's retirement, petitioner and that employee held the same job position, Assistant Superintendent of Plant (ASP), but the two men had different responsibilities and performed different work. Petitioner "concentrated primarily on current plant maintenance and repair," and the other employee "concentrated primarily on future plant planning and construction."

Rather than replace the retiring employee, respondent opted to eliminate the second ASP position and replace it with the new Director of Facilities position "[t]o create a better definition of responsibilities between the two positions." According to the job specifications for the new position, the Director of Facilities had the added responsibilities of preparing estimates for construction projects as well as preparing contracts and evaluating proposals for construction or consulting services. The new position also had additional work activities, including: directing the development of office standards for design, specifications and contracts; working with outside consultants to acquire professional design, architectural and engineering services; defining the scope of work and establishing project schedules and deadlines; developing both short- and long-term capital planning and budgeting for effective utilization of school buildings and administrative facilities; and preparing and submitting budgets for capital improvements and maintenance for school facilities. The job specifications for that position mirrored the work that was then being performed by the retiring employee.

In addition to the knowledge and skills required for the ASP, the Director of Facilities also needed to have comprehensive knowledge of budget planning and administration. The new position required possession of a professional architecture or engineering license in contrast to the ASP position, which deemed possession of such a license to be the equivalent of the required work experience. The promotional requirements for the Director of Facilities included "[c]ontinuous and permanent status in any city department for **three** years as an **Associate Architect or Associate Engineer**." There is no dispute that the retiring employee had served as an architect for the city.

In our view, respondent established that the determination to eliminate the retiring employee's ASP position and to create a new position that was more in line with the tasks and responsibilities that had been assigned to the retiring employee was part of a rational reorganization plan (*see Matter of Penn Yan, Vil. of v Travis*, 248 AD2d 963, 964; *see also Matter of Belvey v Tioga County Legislature*, 257 AD2d 967, 968-969; *Matter of Bianco v Pitts*, 200 AD2d 741, 741-742; *cf. Matter of Gallagher v Board of Educ. for Buffalo City School Dist.*, 81 AD3d 1408, 1409-1410). We further conclude that the determination to add, as a promotional requirement, prior experience as an Associate Architect or Associate Engineer in any city department was neither arbitrary nor capricious. There is no dispute that the retiring employee had such experience. Moreover, both the ASP and Director of Facilities job specifications required, as a minimum

"promotional" qualification, some type of prior experience with either the Board of Education or the City of Buffalo. While there were different requirements for an open competitive applicant, the Department of Civil Service decided to offer only the promotional examination for the new position.

Petitioner submitted nothing in opposition to the motion to establish that either the determination to create the new position or the determination concerning the job specifications for that new position was "without foundation in fact . . . [or] without sound basis in reason" (*Pell*, 34 NY2d at 231).

With respect to the elimination of petitioner's position 20 months later, we conclude that respondent established that there was an economic justification for its action. "It is well established that a public employer may abolish civil service positions for the purposes of economy or efficiency . . . , but it may not act in bad faith in doing so . . . , nor may it abolish positions as a subterfuge to avoid the statutory protection afforded civil servants before they are discharged . . . A petitioner challenging the abolition of his or her position must establish that the employer in question acted in bad faith" (*Matter of Arnold v Erie County Med. Ctr. Corp.*, 59 AD3d 1074, 1076-1077, *lv dismissed* 12 NY3d 838 [internal quotation marks omitted]; *see Matter of Harman v Erie 1 BOCES Bd. of Educ.*, 204 AD2d 1037, 1037). Respondent established that, in March 2012, all of its departments were directed to cut their budgets by ten percent. In opposition to the motion, petitioner failed to "eliminate bona fide reasons for the elimination of his position, show that no savings were accomplished or [show] that someone was hired to replace him" (*Matter of Mucci v City of Binghamton*, 245 AD2d 678, 679, *appeal dismissed* 91 NY2d 921, *lv denied* 92 NY2d 802; *see Matter of Linney v City of Plattsburgh*, 49 AD3d 1020, 1021).

Petitioner's reliance is misplaced on cases where a new position was created or new employees were hired at the same time as a position was eliminated (*see e.g. Gallagher*, 81 AD3d at 1408-1409; *Matter of Johnston v Town of Evans*, 125 AD2d 952, 953, *lv dismissed* 69 NY2d 900, *lv denied* 69 NY2d 608, 70 NY2d 612). In this case, the new position was created 20 months *before* petitioner's position was eliminated. Moreover, it should be noted that no new position was created to replace petitioner's position and that the duties that petitioner carried out "were subsequently carried out by other existing employees" (*Matter of Piekielniak v Axelrod*, 92 AD2d 968, 969, *lv denied* 59 NY2d 603).

The crux of petitioner's contentions is that respondent's sole reason for making the job specifications for the new position so narrow was "to make it so that [petitioner] wouldn't be eligible" for it while, at the same time, "hiding this plan" to eliminate his position in the future. In our view, petitioner's allegations are not supported by any evidence in the record on appeal. "[C]onclusory and unsupported allegations [are] insufficient to overcome respondent's bona fide reasons for eliminating petitioner's . . . position" (*Linney*, 49 AD3d at 1021-1022).

Based on our determination, we do not address respondent's remaining contention.