*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 3, 2016                521546
_____

In the Matter of OLIVER
    CUTLER,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

TOWN OF MAMAKATING,
                    Respondent.
_____

Calendar Date:  January 12, 2016

Before:  Peters, P.J., McCarthy, Rose and Lynch, JJ.

_____

        Sussman & Watkins, Goshen (Michael H. Sussman of counsel),
for appellant.

        Cook, Netter, Cloonan, Kurtz & Murphy, PC, Kingston (Eric
M. Kurtz of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the Supreme Court (McGuire, J.),
entered November 25, 2014 in Sullivan County, which dismissed
petitioner's application, in a combined proceeding pursuant to
CPLR article 78 and action for declaratory judgment, to review a
determination of respondent terminating petitioner's employment.

        Petitioner commenced this combined proceeding pursuant to
CPLR article 78 and action for declaratory judgment seeking,
among other things, a determination that respondent had illegally
and in bad fath abolished his position as respondent's parks
maintenance supervisor.  Supreme Court dismissed the petition in
its entirety and declared respondent's actions to be lawful.  We
affirm.

"[A] public employer may, in the absence of bad faith, collusion or fraud, abolish positions for purposes of economy or efficiency" (Matter of Mucci v City of Binghamton, 245 AD2d 678, 679 [1997], appeal dismissed 91 NY2d 921 [1998], lv denied 92 NY2d 802 [1998]; accord Matter of Linney v City of Plattsburgh, 49 AD3d 1020, 1021 [2008]; see Civil Service Law § 80 [1]). Respondent explained through the affidavits of its Supervisor and a member of its Town Board that because its parks maintenance department consisted of only petitioner and one part-time laborer, it could achieve greater economy and efficiency by abolishing the supervisory position in favor of hiring additional laborers. Petitioner's managerial duties were shifted to the Supervisor and two full-time and one part-time laborer positions were created at an overall cost savings.

The burden was then on petitioner to demonstrate that his position was eliminated in bad faith or as a subterfuge to circumvent his rights under the Civil Service Law (see Matter of Lamb v Town of Esopus, 35 AD3d 1004, 1005 [2006]; Matter of Chanecka v Board of Educ., Broome-Tioga BOCES, 243 AD2d 1011, 1012-1013 [1997], appeal dismissed 91 NY2d 920 [1998], lv denied 92 NY2d 802 [1998]). However, the mere reassignment of duties, in and of itself, does not constitute proof of bad faith (see Matter of Cohen v Crown Point Cent. School Dist., 306 AD2d 732, 734 [2003]; Matter of Shields v Dinga, 222 AD2d 816, 818 [1995]). Nor is there any indication in the record of any personal or political animosities that would suggest some deceitful purpose of ousting and replacing petitioner. Rather, petitioner's conclusory and unsupported assertions fail to refute the Town Board's showing that its actions were part of a good faith effort to reorganize a municipal department for the purposes of reducing costs and increasing efficiency (see Matter of Lamb v Town of Esopus, 35 AD3d at 1005; Matter of Belvey v Tioga County Legislature, 257 AD2d 967, 968 [1999]; Matter of Mucci v City of Binghamton, 245 AD2d at 679; Matter of Shields v Dinga, 222 AD2d at 818-819).

Petitioner alternatively argues that because the closed executive session in which the unrecorded vote to abolish his position was taken violated the Open Meetings Law (see Public Officers Law art 7), Supreme Court had good cause to void the

Town Board's action. While a discussion of the abolishment of petitioner's specific position for reasons of economy and efficiency was a proper subject of an executive session (see Matter of Plattsburgh Publ. Co., Div. of Ottaway Newspapers v City of Plattsburgh, 185 AD2d 518, 518-519 [1992]), we agree with petitioner that the Town Board violated the Open Meetings Law by inadequately describing the purpose for entering into the executive session as, simply, "personnel issues" (see Public Officers Law § 105 [1] [f]; Matter of Gordon v Village of Monticello, 207 AD2d 55, 57-58 [1994], mod on other grounds 87 NY2d 124 [1995]). We also agree with petitioner that it was improper for the Town Board to vote on its decision without recording the vote in the executive session minutes, even though it did not "appropriate public moneys" (Public Officers Law § 105 [1]; see Public Officers Law § 106 [2]; Matter of Specht v Town of Cornwall, 13 AD3d 380, 381 [2004]; Town of Moriah v Cole-Layer-Trumble Co., 200 AD2d 879, 881 [1994]).

Nevertheless, we find that petitioner has not shown the requisite "good cause" for declaring the Town Board's action to be void (Public Officers Law § 107 [1]; see Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 686 [1996]; Matter of New York Univ. v Whalen, 46 NY2d 734, 735 [1978]; Matter of Frigault v Town of Richfield Planning Bd., 107 AD3d 1347, 1352 [2013]). Indeed, "the record does not suggest that the [Town Board's] failure to comply with the precise requirements of the Open Meetings Law was anything more than mere negligence," which does not constitute good cause to invalidate the Town Board's otherwise permissible actions (Matter of Cunney v Board of Trustees of the Vil. of Grand View, N.Y., 72 AD3d 960, 962 [2010]; see Matter of Roberts v Town Bd. of Carmel, 207 AD2d 404, 405 [1994], lv denied 84 NY2d 811 [1994]).

Peters, P.J., McCarthy and Lynch, JJ., concur.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court