Matter of Terry v County of Schoharie (2018 NY Slip Op 04612)





Matter of Terry v County of Schoharie


2018 NY Slip Op 04612


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

525250

[*1]In the Matter of ALICIA TERRY, Appellant,
v
COUNTY OF SCHOHARIE et al., Respondents.

Calendar Date: May 2, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Tabner, Ryan & Keniry, LLP, Albany (Brian M. Quinn of counsel), for appellant.
Lemire Johnson & Higgins, LLC, Malta (April J. Laws of counsel), for respondents.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Ferreira, J.), entered March 30, 2017 in Schoharie County, which, in a proceeding pursuant to CPLR article 78, among other things, granted respondents' motion for summary judgment dismissing the petition.
Beginning in June 1995, petitioner was employed by respondent County of Schoharie as the Director of Planning for its Planning and Development Agency. In November 2014, petitioner was informed that funding for her position had been eliminated from the 2015 budget by the Schoharie County Board of Supervisors (hereinafter the Board). However, the Board also created the position of Senior Planner, to which petitioner was permanently appointed effective January 1, 2015. As a result, petitioner's salary was reduced by $8,968.
Petitioner thereafter commenced this CPLR article 78 proceeding alleging that the elimination of her position violated Civil Service Law § 80, as well as her constitutional rights to due process, equal protection and political affiliation. Specifically, petitioner asserted that the abolition of her position was carried out in bad faith and in retaliation for her change in political party affiliation nearly five years earlier. Respondents removed the proceeding to the United States District Court for the Northern District of New York and, following the completion of discovery, all of the federal claims were dismissed on the merits. The District Court declined to exercise supplemental jurisdiction over the remaining state law claims and remanded such claims back to Supreme Court. Upon remand, respondents moved for summary judgment dismissing the petition and petitioner cross-moved for summary judgment in her favor. Supreme Court [*2]granted respondents' motion and dismissed the petition. This appeal by petitioner ensued.
"A public employer may, in the absence of bad faith, collusion or fraud, abolish positions for the purposes of economy or efficiency" (Matter of Linney v City of Plattsburgh, 49 AD3d 1020, 1021 [2008] [internal quotation marks, brackets and citations omitted]; accord Matter of Cutler v Town of Mamakating, 137 AD3d 1373, 1374 [2016]; see Civil Service Law § 80 [1]). The submissions proffered by respondents establish that petitioner's position was abolished as part of a cost-saving measure due to fiscal restraints imposed on the County over a period of several years following flooding caused by Hurricane Irene. It is undisputed that the County was undergoing a loss of population as well as a shrinking tax base and, over this period, the Board eliminated positions and restructured several County departments by consolidation or separation of functions. Specifically with regard to the Planning and Development Agency, the Board's 2015 budget separated planning from economic development, resulting in two separate departments. The bifurcation of that agency, as well as the elimination of petitioner's supervisory position overseeing both components thereof, came upon the recommendation of William Cherry, the then-Budget Officer who drafted the 2015 proposed budget. Cherry explained that the purpose behind his recommendations in that regard, which were adopted by the Board, was to promote more efficient and effective governance of the separate and independent planning and economic development agencies and to achieve potential cost savings for the County. Indeed, the 2015 budget adopted by the Board shows that a number of County positions were eliminated in response to the fiscal crisis confronted by the County.
In opposition to such proof, petitioner was required to prove "that the abolition of [her] position was brought on by bad faith or in an effort to circumvent the Civil Service Law" (Matter of Mucci v City of Binghamton, 245 AD2d 678, 679 [1997], appeal dismissed 91 NY2d 921 [1998], lv denied 92 NY2d 802 [1998]; see Matter of Cutler v Town of Mamakating, 137 AD3d at 1374; Matter of Lamb v Town of Esopus, 35 AD3d 1004, 1005 [2006]). With regard to the issue of bad faith, that issue was squarely addressed and decided by the District Court in its resolution of petitioner's federal claims. In dismissing the federal claims — which were grounded upon the very same allegations as those underlying the claimed Civil Service Law violations — the District Court expressly held that the evidence submitted by respondents established that petitioner's position was abolished as a cost-saving measure and that there was no evidence to support petitioner's "self-serving testimony that [respondents] acted in bad faith" or in retaliation for petitioner's change of political party enrollment. The doctrine of collateral estoppel "precludes a party from relitigating an issue which has previously been decided against [him or] her in a proceeding in which [he or] she had a fair opportunity to fully litigate the point," regardless of whether the tribunals or causes of action are the same (Matter of Dunn, 24 NY3d 699, 704 [2015] [internal quotation marks, brackets and citations omitted]; see Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 65 [2018]; Conason v Megan Holding, LLC, 25 NY3d 1, 17 [2015]; Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]). Inasmuch as the core, factual issue of bad faith "was raised, necessarily decided and material in the [federal proceeding], and [petitioner] had a full and fair opportunity to litigate the issue" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d at 349), petitioner is barred by the principles of collateral estoppel from relitigating that issue here (see Pinnacle Consultants v Leucadia Natl. Corp., 94 NY2d 426, 431-432 [2000]; Graven v Children's Home R.T.F., Inc., 152 AD3d 1152, 1154 [2017]; Martinez v City of Schenectady, 276 AD2d 993, 995 [2000], affd 97 NY2d 78 [2001]).
In the absence of bad faith, respondents' showing of an economic justification for the [*3]elimination of petitioner's position could only be countered by proof that "no savings were accomplished or that someone was hired to replace [petitioner]" (Matter of Mucci v City of Binghamton, 245 AD2d at 679; see Matter of Linney v City of Plattsburgh, 49 AD3d at 1021; Matter of Cohen v Crown Point Cent. School Dist., 306 AD2d 732, 734 [2003]; Matter of Young v Supervisor of Town of Lloyd, 159 AD2d 828, 829 [1990], lv dismissed 76 NY2d 761 [1990]). No such showing has been made here. Petitioner does not dispute that the reconfiguration of the Planning and Development Agency, and the concomitant elimination of her position, resulted in fiscal savings to the County. Further, it is uncontroverted that no one was hired to replace petitioner and that many of the duties that she performed were taken over by an existing Senior Planner (see Matter of Cohen v Crown Point Cent. School Dist., 306 AD2d at 734; Matter of Mucci v City of Binghamton, 245 AD2d at 679; Matter of Piekielniak v Axelrod, 92 AD2d 968, 969 [1983], lv denied 59 NY2d 603 [1983]). Contrary to petitioner's additional contention, respondents did not violate the prohibition in Civil Service Law § 61 (2) against assigning civil servants to out-of-title work by assigning supervisory responsibilities to the aforementioned Senior Planner, as such work either falls within the official duties set forth in the Senior Planner job classification or is a reasonable and logical outgrowth of those duties (see Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v Governor's Off. of Empl. Relations, 105 AD3d 1192, 1196-1197 [2013]; Delgado v New York City Hous. Auth., 66 AD3d 607, 608 [2009]).
In light of the foregoing, we conclude that petitioner failed to raise an issue of fact in response to respondents' showing that the Board's actions "were part of a good faith effort to reorganize a municipal department for the purposes of reducing costs and increasing efficiency" (Matter of Cutler v Town of Mamakating, 137 AD3d at 1374; see Matter of Lamb v Town of Esopus, 35 AD3d at 1005; Matter of Cohen v Crown Point Cent. School Dist., 306 AD2d at 734; Matter of Belvey v Tioga County Legislature, 257 AD2d 967, 968 [1999]; Matter of Mucci v City of Binghamton, 245 AD2d at 679). Accordingly, the petition was properly dismissed. To the extent not specifically addressed herein, petitioner's remaining contentions have been reviewed and found to be lacking in merit.
Egan Jr., J.P., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.